531 P.2d 1130

The STATE of Arizona, Appellee,

v.

Gary Thomas SEEBOLD, Appellant.

No. 2959.

Supreme Court of Arizona,
In Division.

Feb. 18, 1975.

**424**

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs and John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

Welliever, Smith & McVay by J. Douglas McVay, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of assault with a deadly weapon, A.R.S. § 13–249, as amended 1967, with a prior conviction, A.R.S. § 13–1649,. and a sentence thereon of not less than ten nor more than twenty years in the Arizona State Prison.

We are asked to answer the following questions on appeal:

1. Was it error for the trial court to refuse to allow the defendant to admit the results of additional polygraph examinations to impeach the results of a polygraph examination stipulated into evidence by the parties?

2. Was it error for the trial court to refuse to allow two defense witnesses to testify as experts?

3. Was it error for the trial court to fail to instruct the jury on the issue of specific intent for the crime of assault with a deadly weapon?

4. Was the trial court's instruction to the jury regarding the use of the polygraph examiner's testimony a comment on the evidence?

The facts necessary for a determination of this matter on appeal are as follows. Defendant and the victim got into an argument in a bar in Maricopa County over a wager that the defendant allegedly lost and refused to pay. The defendant left the bar and got into the camper portion of his pickup truck. The victim followed the defendant to the camper and told him that he was not going to leave until he came out and paid off the bet. After the victim went back into the bar, defendant moved from the camper to the cab of the pickup truck and the victim returned to converse with the defendant. After further argument, the defendant opened the door and shot the victim in the face putting out one eye. Defendant was indicted on 29 March 1973 and charged with assault with a deadly weapon and trial was commenced 14 November 1973. The defendant interposed a defense of self defense claiming that he feared that the victim was going to shoot him. The evidence indicates that the victim did, in fact, have a gun and attempted to return the fire of the defendant. The jury returned a verdict of guilty and defendant was sentenced to a term of not less than ten nor more than twenty years in the Arizona State Prison from which judgment and sentence he appeals.

## REFUSAL OF THE TRIAL COURT TO PERMIT THE USE OF ADDITIONAL POLYGRAPH EXAMINATION RESULTS

Prior to the trial, the defendant submitted himself to a private polygraph examination. Probably as a result of this, defendant stipulated that a polygraph examination could be given by a man approved by the county attorney. The result of this polygraph examination was not favorable to the defendant. After the stipulated polygraph was admitted into evidence, the defendant attempted to impeach that testimony with the previous polygraph examination. The trial court refused to allow this into evidence and we think properly so.

Although we have held:

"* * * That notwithstanding the stipulation the admissibility of the test results is subject to the discretion of the trial judge, i. e. if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.

" \* \* \* That if the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:

a. the examiner's qualifications and training;

b. the conditions under which the test was administered;

c. the limitations of and possibilities for error in the technique of polygraphic interrogation; and

d. at the discretion of the trial judge, any other matter deemed pertinent to the inquiry." State v. Valdez, 91 Ariz. 274, 283, 371 P.2d 894, 900 (1962).

we have consistently held that the results of a polygraph examination is admissible only by stipulation:

"Polygraph results are not admissible for any purpose at trial except on stipulation of the parties." State v. Jones, 110 Ariz. 546, 551, 521 P.2d 978, 983 (1974). See also, State v. Valdez, supra; State v. Bowen, 104 Ariz. 138, 449 P.2d 603 (1969).

In the instant case the defendant was allowed to cross-examine the polygraph examiner at length concerning his qualifications and methods. There was no error in the court's exclusion of the other unstipulated polygraph examination either substantive or for purposes of impeachment of the stipulated examination. See 1 Journal of Contemporary Law 93 (Winter 1974) for discussion of admissibility of polygraph evidence.

## REFUSAL TO ALLOW TWO DEFENSE WITNESSES TO TESTIFY AS EXPERTS

Defendant next contends that it was error for the trial court to limit the examination of two witnesses Bohm and Timney. Defendant attempted to qualify these two men as experts in ballistics. The first witness, Mr. George Robert Bohm, testified that he was retired and had been the owner of Bohm's Gun Shop; that he had been interested in weapons all of his life and was a gunsmith; that he had been in court a few times on gun accidents and malfunction cases; and he was a former law enforcement officer. Mr. Bohm had no formal education nor was he a member of any professional organization and he admitted that he was not a scientist or a criminalist. The trial court refused to allow him to testify as an expert concerning the trajectory or angle of projection of the bullet through the door of the pickup truck.

The second witness was a Mr. Allen Timney, a gunsmith of some 38 years as well as a gunshop owner. He had done considerable work in penetration tests in small arms for the Long Beach Police Department. At the time he manufactured rifle trigger assemblies that go into "sportarized, military and commercial rifles." He had testified also on the questions of malfunctions and operations of guns. He had no formal education in the field of ballistics and had never testified before in this field. He was not allowed to testify as to the trajectory of the bullet, although he was allowed to testify on some other matters.

Whether a witness is competent to testify as an expert is a matter primarily for the trial court and one largely within his discretion. State v. Brierly, 109 Ariz. 310, 509 P.2d 203 (1973). A decision admitting or excluding expert testimony will not be reviewed unless there is a showing of abuse of discretion. State v. Keener, 110 Ariz. 462, 520 P.2d 510 (1974).

In the instant case the two potential experts were not, we believe, experts in the field of ballistics. The fact that a person repairs guns, shoots them, and manufactures a gun part may make him more knowledgeable than the average citizen about guns in general, but it does not make him such an expert that it is an abuse of discretion to refuse to allow him to so testify.

We find no error.

## REFUSAL TO INSTRUCT ON SPECIFIC INTENT

The defendant requested the trial court to instruct the jury that the crime of assault with a deadly weapon required specific intent. The requested instruction read as follows:

"In the case of certain crimes, it is necessary that the criminal act be accompanied by a specific or particular intent, without which the crime is not committed.

"Thus, in the crime of ASSAULT WITH A DEADLY WEAPON, a necessary fact to be proved is the existence in the mind of the Defendant of the specific intent to do harm, and unless such intent to do harm so exists, that crime is not committed."

This question has been discussed by the Ninth Circuit Court of Appeals which stated as follows:

"We disagree with defendant's reading of Arizona law. Defendant cites two cases, State v. Balderrama, 97 Ariz. 134, 397 P.2d 632 (1964), and State v. Chalmers, 100 Ariz. 70, 411 P.2d 448 (1966), which have established that where the instrument of havoc is an automobile, the state must prove that the defendant 'aimed' the car like a firearm, with 'actual intent to harm' the victim. Balderrama, 397 P.2d at 634–635; Chalmers, 411 P.2d at 452–453. Cf. United States v. Haines, 425 F.2d 218 at n. 2 (9th Cir. 1970). But, in our view, the purposive intent requirement established by these two cases applies only to 'the modern problems presented by the automobile,' Balderrama, 397 P.2d at 636, and not to cases involving traditional and obvious deadly weapons.

"In cases involving traditional deadly weapons, such as the rifle in this case, the Arizona courts have not explicitly required an actual intent to harm. They have, as a rule, simply affirmed convictions without extended discussion of that element [Footnote omitted]. We believe the Arizona courts would agree that this statute does not demand a stringent concept of intent when obviously deadly weapons are involved. [Footnote omitted] Accordingly, as a matter of Arizona law, as we construe it, there was no duty on the part of the trial judge to give an 'actual intent to harm' instruction, framed in terms of 'wilful' or 'felonious intent'." United States v. Harvey, 428 F.2d 782, 783–84 (9th Cir. 1970).

We agree with the interpretation the Ninth Circuit Court of Appeals has placed on our prior cases. The crime charged was "assault with a deadly weapon" and a loaded gun is a deadly weapon. State v. Seymour, 101 Ariz. 498, 421 P.2d 517 (1967). Once it is shown that the person assaulted the victim with a gun there is no further need to show that he intended to do harm with that gun.

We find no error.

## INSTRUCTION REGARDING POLYGRAPH EXAMINER'S TESTIMONY

At the trial, without objection from either the State or the defendant, the trial court instructed the jury as follows:

" * * * the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged, but at most tends only to indicate that at the time of the examination defendant was not telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given."

This instruction has been approved by this court. State v. Valdez, supra, 91 Ariz. at 283–84, 371 P.2d 894. We have stated:

"The record reveals that the judge properly instructed the jury that it was for them to determine the corroborative weight and effect that such testimony should be given. However the trial court judge failed to instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime but only tends to indicate that the defendant was not telling the truth

at the time of the polygraph examination. Such an instruction is mandatory in cases where the results of a polygraph examination are admitted into evidence under the qualifications we set forth in Valdez, supra. Such an instruction is necessary to prevent the jury from treating such evidence as being conclusive upon the issue of guilt rather than merely to corroborate other evidence or impeach the testimony of the defendant." State v. Trotter, 110 Ariz. 61, 64, 514 P. 2d 1249, 1252 (1973).

The trial judge in the instant case was following our previous instructions. Indeed, Trotter, supra, indicates it is error not to give such an instruction. We did not believe then nor do we now that it was a comment on the evidence. We find no error.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.