547 P.2d 491
The STATE of Arizona, Appellee,

v.

Dwane DILLON, Appellant.

No. 2 CA–CR 721–2.

Court of Appeals of Arizona,
Division 2.

March 30, 1976.
As Corrected May 3, 1976.
Rehearing Denied May 4, 1976.
Review Denied June 2, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Charles L. Weninger, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant seeks reversal of his convictions of assault with a deadly weapon.

The facts taken in the light most favorable to upholding the convictions are as follows. Appellant's friends Jim Smith and Ray Garmendia lived in an apartment across the street from a trailer park in which one John Letherman resided in a house trailer. Smith had been previously quarreling with a person named Jack Davis over a dog which Smith accused Davis of stealing from him. At approximately 7:00 o'clock in the evening of April 22, 1975, Smith and Garmendia went to Letherman's trailer and asked him where Davis was. Letherman told them that he did not know and asked them to leave. At about 2:30 a. m. on April 23, 1975, Smith and Garmendia returned to Letherman's trailer, accompanied by appellant. When Letherman told them to go away, "I want to get some sleep", an unidentified voice then replied, "[W]e'll put you to sleep mother fucker". Appellant, Smith and Garmendia went back to the apartment. Appellant who was very intoxicated and angry about the dog grabbed a 30–30 rifle and went outside. Two shots were heard. Appellant came back in the apartment and said "you go look at the car. The back glass is all shattered". In fact, there was no glass shat-

tered or automobile hit by appellant's shots. Instead, the two shots entered another trailer near the Letherman trailer. One shot struck Ronald Morris, while the other shot passed through the trailer which also housed Dennis Cash, his wife, and two children.

The assault on the Cash family formed the basis of Count II of the indictment.

At trial, appellant's defense was that he was sleeping in the apartment when the shooting occurred.

■■■ Appellant claims the court erred in denying his motion for a directed verdict since the state failed to prove that he intended to injure the occupants of the trailer. We do not agree. A.R.S. Sec. 13–249 provides in part:

"A person who commits an assault upon the person of another with a deadly weapon . . . shall be punished by imprisonment in the state prison . . . ."

A.R.S. Sec. 13–241A states that:

"An assault is an unlawful attempt, coupled with a present ability, to commit a physical *injury* on the person of another." (Emphasis added)

The "physical injury" in the foregoing statute is not synonymous with "bodily harm" but includes any wrongful act committed by means of physical force against the person of another. The term "physical injury" as used here is synonymous with "physical force" and in relation to assaults the two terms are used interchangeably. Cf. *People v. Bradbury*, 151 Cal. 675, 91 P. 497 (1907); *People v. Rocha*, 3 Cal.3d 893, 92 Cal.Rptr. 172, 479 P.2d 372 (1971).

In *State v. Andrews*, 106 Ariz. 372, 476 P.2d 673 (1970) the court, in drawing the distinction between assault with a deadly weapon and the crime of recklessly or carelessly discharging a firearm in such a manner as to endanger life or property, stated that the latter offense "does not require an intent to do bodily harm". We believe the court meant that the offense of recklessly or carelessly discharging a firearm does not require the intent to com-

mit a battery. To constitute a criminal battery any willful and unlawful use of *force* or violence against the person of another is enough. It need not cause bodily harm or even pain and it need not leave any mark. · *People v. Rocha*, supra, A.R.S. Sec. 13–241B. Cases subsequent to *Andrews*, supra, have held that intent to do physical harm is not an element of assault with a deadly weapon when a firearm is used. *State v. Seebold*, 111 Ariz. 423, 531 P.2d 1130 (1975); *State v. Gary*, 112 Ariz. 470, 543 P.2d 782 (1975). The criminal intent required in the crime of assault with a deadly weapon is the general intent to willfully commit an act the direct, natural and probable consequences of which, if successfully completed, would constitute a battery.

The weapon used in this case was a lever action 30–30 rifle. In order to eject the spent cartridge from the chamber and insert another round it is necessary to pull the lever down and back up again. Two spent cartridges from the rifle were found next to the apartment. There is ample evidence from which a jury could infer that the shots were deliberately fired. The evidence shows that appellant had threatened Letherman and supports an inference that he was attempting to commit a battery on Letherman, or, had intentionally fired two shots into the trailer where Morris and the Cash family were sleeping. Both inferences support a conviction of assault with a deadly weapon. Appellant's statement about shattering the glass in the automobile does not change this case into mere reckless discharge of a firearm. His belief as to what he actually hit does not operate to change his intent.

■■ Appellant claims the trial court erred when it permitted the State to call Ramon Garmendia as a rebuttal witness. Although listed as a witness in the State's case-in-chief, appellant claims Garmendia could not be called in rebuttal, that Garmendia changed his story from what he had testified to before the grand jury and that the State had an obligation under Rule 15, Rules of Criminal Procedure, to inform appellant of this new development. We do

not agree. The State did not have to tell the defense that Garmendia would be a rebuttal witness. The rule was satisfied. The fact that the State intended to use him as a witness was enough to put appellant on notice that his testimony would not be favorable.

■■ Lastly, appellant claims the convictions should be reversed because of misconduct of the prosecutor in his closing arguments to the jury. On one occasion the prosecutor ventured a personal opinion on the veracity of Garmendia. This is not permissible. We have examined the other instances of misconduct cited by appellant and find no merit in his contention. The jury was instructed that argument of counsel was not evidence. Misconduct alone will not require a reversal as a new trial should not be granted to punish counsel for his misdeeds, but only when the defendant has been denied a fair trial because of such conduct. *State v. Moore,* 108 Ariz. 215, 495 P.2d 445 (1972). The remark of the prosecutor did not deny appellant a fair trial and does not mandate reversal.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.