588 P.2d 836

**STATE of Arizona, Appellee,**

v.

**Charles Tilton ACREE, Appellant.**

**No. 4383.**

Supreme Court of Arizona,
En Banc.

Dec. 20, 1978.

John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

William C. Porter, Kingman, for appellant.

HAYS, Justice.

Defendant Charles Tilton Acree was convicted of assault with a deadly weapon, to wit, a gun, in violation of A.R.S. § 13–249. We have jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

Early in the evening of August 10, 1977, Acree argued with a third party about a debt. The victim, Doris Hartman, overheard the argument but did not participate in it. Acree was angry and left the scene of the argument, returning to the trailer he shared with the victim in the victim's car while the victim herself walked home. There were indications that Acree was intoxicated, but that in general he had good physical control over himself. He had, by his own admission, been drinking beer and had consumed two or three 6-packs over a course of some seven hours.

When Doris Hartman entered the trailer, she was confronted by Acree who had a .22-caliber pistol in his hand. She retreated towards her car, but Acree followed and told her that "[i]f you get in there [the car], I'll kill you." He then fired three pistol shots into the windshield of the car. The victim was struck in the arm by bits of flying glass. After this, Ms. Hartman walked away from the scene and sought help. Acree went to a friend's residence and hid in the garage where he was apprehended after having accidentally shot himself in the hand.

Acree has assigned as error the refusal of the trial court to grant his request that the Recommended Arizona Jury Instruction, Crimes 3, on the definition and elements of the crime of assault with a deadly weapon be given. The court instead gave the instruction prepared and requested by the prosecution:

Assault with a deadly weapon, to wit, a gun has two elements. There must be a general intent to wilfully commit an act, the direct, natural and probable consequence of which, if successfully completed, would injure another physically by the use of a gun, and the defendant must be able to cause physical injury.

In contrast, the instruction requested by the defense reads:

Assault with a deadly weapon has two elements. (1) There must be an attempt to injure another person physically by the use of a deadly weapon, and (2) the defendant must be able to cause physical injury. The defendant does not have to touch the victim in order to commit an assault.

In denying the defense's motion, the trial court reasoned that while the requested instruction correctly defines the crime of assault with a deadly weapon if a gun is actually fired at the victim, it does not adequately cover the situation in which a loaded gun is pointed at the victim but never fired. Furthermore, the court recognized that under *State v. Gary*, 112 Ariz. 470, 543 P.2d 782 (1975), *cert. denied*, 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 767 (1976), attempt to do physical harm is not an element of the crime of assault with a deadly weapon when a firearm is used. The very act of pointing the gun in a threatening manner may constitute an assault. *Id.* 112 Ariz. at 471–72, 543 P.2d at 783–84. The instruction given by the trial court reflects our decision in *Gary*. In fact, it repeats much of the language set forth in *State v. Dillon*, 26 Ariz.App. 220, 222, 547 P.2d 491, 493 (1976). We thus find no error in the instruction given.

Acree also contends that the evidence was insufficient to support a verdict of guilty. We first note that a reviewing court in a criminal case does not weigh the evidence to decide whether it would reach the same conclusion as the trier-of-fact. *State v. Barnett*, 112 Ariz. 210, 211, 540 P.2d 682, 683 (1975). It reviews the evidence in the light most favorable to sustain the conviction and resolves all reasonable inferences in favor of the state. *State v. Moore*, 111 Ariz. 496, 497, 533 P.2d 663, 664 (1975). Given this framework and our opinion in *Gary, supra*, we cannot say as a matter of law that the verdict is clearly contrary to the weight of the evidence or that there is a complete absence of probative facts to support the verdict.

Acree's third contention maintains that the court erred in allowing the prosecution to cross-examine and impeach their own witness, Doris Hartman. Acree complains that the impeachment was improper under the circumstances because the prosecution was not surprised, damaged or prejudiced by the testimony, no foundation had been laid, and the impeachment went to collateral matters.

At trial, the prosecution called Doris Hartman as a witness. In a tape recording of an interview with Ms. Hartman conducted by police officers two days after the incident, Ms. Hartman indicated that Acree had pointed the gun at her and had tried to shoot her. On the witness stand, however, she testified that Acree had never pointed the gun at her, that she did not believe Acree would have shot or harmed her, and that she could have blown the entire matter out of proportion. At this point the prosecution sought to introduce the tape recording.

This case was tried under the new Arizona Rules of Evidence which became effective on September 1, 1977, and which have as their source the Federal Rules of Evidence. Under Rule 607 the credibility of a witness may be attacked by any party, including the party calling him. The federal courts have interpreted this rule as eliminating surprise as a prerequisite to impeaching one's own witness. *E. g., United States v. Palacios*, 556 F.2d 1359, 1363 (5th Cir. 1977). We agree. We think too that the need to prove damage or prejudice before impeaching one's own witness has likewise been eliminated by Rule 607.

Acree also claimed that the impeachment was improper due to the absence of a foundation for it. The record in this case con-

troverts Acree's contention about the lack of foundation. When the prosecutor stated in the middle of cross-examining Doris Hartman that he "would like to play back the statement given by the witness in this matter because apparently she does not recall," the court interrupted him and ordered a fifteen-minute recess in order to hold proceedings in chambers out of the presence of the jury. The court declared that it would not allow the tape to be played without a further foundation and insisted that the prosecutor lay the foundation for the tape by calling a police detective to the stand. The prosecutor did so. Admittedly, the prosecutor did not ask Ms. Hartman about the prior inconsistent statements before he played the tape to the jury, but when he resumed his direct examination he gave her an opportunity to explain or deny the statements she had made to the police. Afterwards, the defense counsel had an opportunity, on cross-examination, to bring out any further explanations he felt necessary. 17A A.R.S. Rules of Evidence, rule 613(b).

 Arizona has long adhered to the general rule that impeachment may not go to collateral or irrelevant matters, *e. g., State v. McGuire*, 113 Ariz. 372, 373, 555 P.2d 330, 331 (1976), and the Federal Rules of Evidence have not displaced this rule. *See United States v. Warledo*, 557 F.2d 721, 726 (10th Cir. 1977). We are not convinced, however, that the portions of the tape played before the jury were immaterial. If the party seeking to introduce a matter for purposes of contradiction would be entitled to prove it as a part of his case or the fact could be shown in evidence for any purpose independent of the contradiction, the matter is not a collateral issue and impeachment is proper. *United States v. Lambert*, 463 F.2d 552, 557 (7th Cir. 1972); *State v. Mangrum*, 98 Ariz. 279, 286, 403 P.2d 925, 930 (1965). The part of the tape that the

prosecutor played to the jury represented Doris Hartman's account of the events leading up to and including the assault, the focal point of the entire trial. Certainly, these matters were and could have been brought out in the case in chief. Furthermore, during the proceedings in the trial judge's chambers, both counsel agreed on which portions of the tape were immaterial.

We do not find as a matter of law that the impeachment via the tape recording went to collateral matters. Therefore, we hold that the impeachment and cross-examination of Ms. Hartman by the prosecution was proper.

 The defense also argues that the court erred in allowing substantive use of the prior inconsistent statements. In *State v. Skinner*, 110 Ariz. 135, 515 P.2d 880 (1973), we held that prior inconsistent statements, when properly admitted, may be used for substantive as well as for impeachment purposes. Our promulgation of new rules of evidence, in particular rule 801(d), has codified our holding in that case. Rule 801(d) excepts from the definition of hearsay prior inconsistent statements when the declarant testifies at the trial or hearing and is subject to cross-examination.* Such statements, unless inadmissible under some other rule, become substantive evidence usable for all purposes. Since we have found that the prior statements of Ms. Hartman were properly admitted, it is clear that under both *Skinner* and Rule 801(d) such statements may be used substantively as well as for impeachment.

 Finally, the defense attacks as error the actions of the court in submitting state's Exhibit # 5, the recorded prior statement of Doris Hartman, to the jury for consideration during deliberations. We have already addressed the issue of substantive use of prior inconsistent state-

---

* Rule 801(d) under the Arizona Rules of Evidence differs from Federal Rules of Evidence, rule 801(d); the latter permits substantive use of prior inconsistent statements only when they have been given under oath in a judicial proceeding or deposition. Arizona has incorporated the recommendation of the Federal Advisory Committee and the version of the rule originally approved by the United States Supreme Court. *See generally Kaufman, The Arizona Rules of Evidence—A Comparison with the Federal Rules*, 2 Ariz.St.L.J. 365 (1977).

ments, and found no error. Moreover, it is well settled that a party may not raise an issue for the first time on appeal. *State v. Wilson*, 113 Ariz. 308, 310, 553 P.2d 235, 237 (1976). The defense counsel agreed that if the jury wished to hear the tape, the bailiff would come into the jury room and play the portion of the tape that had been admitted into evidence. We deem the defense to have waived any objection it may have had to the playing of the tape during jury deliberations.

The judgment of conviction and the sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.