593 P.2d 659

**STATE of Arizona, Appellee,**

v.

**Antonio BUSTAMONTE, Appellant.**

**No. 4351–PR.**

Supreme Court of Arizona,
In Banc.

April 2, 1979.

---

Bruce E. Babbitt, former Atty. Gen., Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Division, Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Terry J. Adams, Deputy Public Defender, Finn, Finn & Finn P. C. by Ruth G. Finn and Herbert B. Finn, Phoenix, for appellant.

GORDON, Justice:

Antonio Bustamonte, hereinafter referred to as the defendant, petitions this Court to review the Court of Appeals decision in *State v. Bustamonte,* 122 Ariz. 162, 593 P.2d 912 (1978). Taking jurisdiction pursuant to 17A A.R.S., Rules of the Supreme Court, rule 47(b), the opinion of the Court of Appeals is vacated in part.

Defendant was charged with assault with a deadly weapon in violation of A.R.S. § 13–249 A and B. At trial, the victim, Officer Ruiz, testified that he was an undercover narcotics agent and that the assault occurred after an unsuccessful attempt to purchase heroin. The defendant, while sitting behind Officer Ruiz in a

parked car, placed his left arm around the officer and held a pair of scissors to the side of the officer's neck. A third person, Hun Harris, leaned into the car and tried to reach for the officer. Officer Ruiz grabbed the scissors, drew his gun and pointed it over his shoulder at the defendant. The defendant released the officer and withdrew the scissors. Officer Ruiz subsequently arrested both the defendant and Harris.

The defendant also testified at trial, asserting that the officer had pulled a gun on him and fired two shots, but that he had, at no time, held scissors to the officer's neck. Following a jury trial, the defendant was convicted of assault with a deadly weapon and sentenced to a term of not less than five nor more than nine years in the Arizona State Prison.

On appeal to the Court of Appeals, defendant asserted that: (1) the state improperly introduced evidence of the attempted heroin transaction; (2) the information was insufficient to put him on notice; (3) he was improperly sentenced under the enhanced punishment provisions of A.R.S. § 13–249 B; and (4) the court improperly instructed the jury on the law of assault with a deadly weapon.

The Court of Appeals affirmed defendant's conviction, but remanded for resentencing. In an effort to clarify the law on assault with a deadly weapon and to resolve differences between the Court of Appeals' opinion and our opinion in *State v. Gordon*, 120 Ariz. 172, 584, P.2d 1163 (1978), we accepted defendant's petition for review. We approve the Court of Appeals' treatment of issues (1) and (2) above.

■ The punishment for assault with a deadly weapon is defined in A.R.S. § 13–249. Subsection B of that statute provides for an increased punishment when the assault is "with a gun or other deadly weapon." Before a person can be subjected to the enhanced punishment of subsection B, however, there must be a determination that he was armed with an inherently dangerous weapon. *State v. Church*, 109 Ariz. 39, 504 P.2d 940 (1973). An inherently dangerous weapon is "any instrument which,

when used in the ordinary manner contemplated by its design and construction, will or is likely to, cause death or great bodily harm." *Gordon, supra*, 120 Ariz. at 176, 584 P.2d at 1167. Except in cases involving weapons that are inherently dangerous as a matter of law, the jury must find the weapon inherently dangerous before a defendant may be sentenced under the enhanced punishment provision of A.R.S. § 13–249 B. *Gordon, supra*. No such determination was made in the instant case.

■ The Court of Appeals remanded for resentencing under subsection A, because it found that household scissors were not inherently dangerous. In so doing, the court defined an inherently dangerous weapon as one involving a grave risk of serious bodily harm or death, if unskillfully or carelessly used. We agree that the matter should be remanded for sentencing, but do so because there was no jury determination that the scissors were inherently dangerous. We also reject the court's definition of inherently dangerous in favor of the definition we pronounced in *Gordon, supra*.

■ The Court of Appeals found that because of the manner in which they were used, the scissors were a dangerous weapon as a matter of law, pursuant to A.R.S. § 13–249 A. In *State v. Moss*, 119 Ariz. 4, 579 P.2d 42 (1978), the defendant was charged with committing a battery while armed with a deadly weapon, in violation of A.R.S. § 12–245 A and C. We held that it was proper for the court to submit to the jury the issue of whether a tire iron was a deadly weapon. In so doing we cited *Angel v. Com.*, 289 Ky. 281, 158 S.W.2d 640 (1942) for the proposition that, if a weapon's deadly character depends on the manner and circumstances of its use, it is for the jury to determine if it is a deadly weapon.

We reaffirm this position and hold that it is for the *jury* to determine if the manner in which a weapon is used renders it a deadly weapon. That portion of the Court of Appeals' opinion, which decides this issue as a matter of law, is hereby vacated. The jury, however, was instructed that a deadly

weapon is any instrument used in a way likely to cause death or serious physical injury. The jury was also instructed that assault with a deadly weapon has two elements: an attempt to injure another person physically by the use of a deadly weapon, and an ability to cause physical injury. It is clear from the jury's guilty verdict that it found the scissors to be a deadly weapon. We, therefore, uphold the defendant's conviction pursuant to A.R.S. § 13–249 A.

The defendant specifically asks us to review the propriety of the Court of Appeals' affirmance of the instruction on intent. The trial court instructed:

"Attempt to injure another person physically does not mean that the defendant has to intend that some bodily harm result. Defendant need only intend the acts which he performs. Thus, the pointing of a deadly weapon in a threatening manner within striking distance and with the ability to injure constitutes assault with a deadly weapon."

The defendant asserts that such an instruction allows him to be convicted without proof of any criminal intent. We disagree. The trial court stated that the defendant "need only intend the acts which he performs." He must have intended to hold the scissors to the officer's neck.

Moreover, the state need not prove that the defendant intended to physically harm the victim. In United States v. Harvey, 428 F.2d 782 (9th Cir., 1970), the Ninth Circuit Court of Appeals construed A.R.S. § 13–249 as not demanding proof of an intent to harm when the assault is committed with an obviously deadly weapon. Accordingly there is "no duty on the part of the trial judge to give an 'actual intent to harm' instruction * * *." United States v. Harvey, 428 F.2d 782, 784. In State v. Seebold, 111 Ariz. 423, 531 P.2d 1130 (1975), this Court agreed with the Ninth Circuit's interpretation of Arizona case law and found that an actual intent to harm is not an element of assault with a deadly weapon when a traditionally deadly weapon is used.

In State v. Gary, 112 Ariz. 470, 543 P.2d 782 (1975), cert. denied, 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 767 (1976), we stated that "[i]t logically follows that if an intent to do physical harm is not an element of assault with a deadly weapon when a firearm is used that an attempt to do physical harm is not an element of the crime either." 112 Ariz. at 472, 543 P.2d at 784. We elaborated on this statement in Gordon, supra, stating that a stringent concept of both intent and attempt is not required when deadly weapons are involved:

"In other words, regardless of the type of deadly weapon, when a person holds a deadly weapon in a position so that it could immediately be used to physically injure another, he need go no further toward the completion of a battery in order to satisfy the 'attempt' element inhering in A.R.S. § 13–249." 120 Ariz. at 175, 584 P.2d at 1166.

We hold that no matter what type of weapon is used, an intent to actually harm is not an element of assault with a deadly weapon. Therefore, whether a defendant is charged under A.R.S. § 13–249 A or B, an intent to do physical harm need not be proven.

The criminal intent required is the general intent to wilfully commit an act the direct, natural and probable consequences of which, if successfully completed, would constitute a battery. State v. Dillon, 26 Ariz.App. 220, 547 P.2d 491 (1976). We, therefore, agree with the Court of Appeals' holding that the jury was properly instructed on the element of intent.

We affirm the defendant's conviction under A.R.S. § 13–249 A, and remand to the Superior Court for sentencing pursuant to that statute. Those portions of the Court of Appeals' opinion that are inconsistent with this opinion are hereby vacated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.