NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEO DAWES, JR., *Appellant.*

Nos. CR 12-0727, CR 12-0733
(Consolidated)

FILED 3-20-2014

Appeal from the Superior Court in Maricopa County
Nos.  CR2007-181659-001, CR2011-135132-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**G O U L D**, Judge:

**¶1**         Leo Dawes, Jr. ("Appellant") appeals from his conviction and sentence for misconduct involving weapons, a class 4 felony. He challenges the sufficiency of the evidence to support the jury's conclusion that brass knuckles are a deadly weapon within the meaning of Arizona Revised Statutes ("A.R.S.") sections 13-3101(A)(1), -3102(A)(4). We conclude there was sufficient evidence for a jury to determine that brass knuckles are a deadly weapon and affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Appellant was convicted of one count of aggravated assault and one count of misconduct involving weapons for punching his wife's nephew in the face with brass knuckles.[1]  The court sentenced Appellant to consecutive terms of 11.25 years for aggravated assault and 10 years for misconduct involving weapons.

## DISCUSSION

**¶3**         Appellant challenges his conviction for misconduct involving weapons, arguing there was insufficient evidence showing that the brass knuckles are a deadly weapon. We will reverse a trial court's denial of a motion for a judgment of acquittal "only if there is a complete absence of 'substantial evidence' to support the conviction." *State v. Cox*, 214 Ariz. 518, 520, ¶ 8, 155 P.3d 357, 359 (App. 2007) (citing *State v. Sullivan*, 187 Ariz. 599, 603, 931 P.2d 1109, 1113 (App. 1996). We review

---

[1]       At the time of the incident, Appellant was on probation as a result of pleading guilty to one count of aggravated DUI, a class 4 felony. Upon receiving the guilty verdicts, the court revoked Appellant's probation in the DUI case, and sentenced him to 2.5 years, consecutive to the assault and weapon misconduct sentences.

the sufficiency of the evidence de novo. *State v. Bible*, 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987).

**¶4** We do not reweigh the evidence; "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16, 250 P.3d 1188, 1191 (2011) (citing *State v. Mathers*, 165 Ariz. 64, 66, 796 P.2d 866, 868 (1990)). In determining whether the proof was such that a reasonable person could accept it as adequate to support "a conclusion of defendant's guilt beyond a reasonable doubt," *id.*, we consider both direct and circumstantial evidence. *See Bible*, 175 Ariz. at 560 n.1, 858 P.2d at 1163 n.1.

**¶5** To convict Appellant of misconduct involving weapons, the State needed to show he possessed a deadly or prohibited weapon and he was a prohibited possessor. *See* A.R.S. § 13-3102(A)(4). Appellant only challenges whether the evidence showed the brass knuckles were a deadly weapon. Section 13-3101(A)(1) defines "deadly weapon" as "anything that is designed for lethal use." Whether an object is a deadly weapon is left to the jury. *State v. Caldera*, 141 Ariz. 634, 637, 688 P.2d 642, 645 (1984) ("[T]he determination of whether or not an object is a deadly or dangerous weapon is a jury question."); *State v. Bustamonte*, 122 Ariz. 105, 107, 593 P.2d 659, 661 (1979) ("[I]f a weapon's deadly character depends on the manner and circumstances of its use, it is for the jury to determine if it is a deadly weapon.").

**¶6** Our review of the record reveals sufficient evidence to support the jury's conclusion that brass knuckles are a deadly weapon. The jury was instructed regarding the elements of the offense and the statutory definition of "deadly weapon." Dr. Gear, an emergency room physician who treated the victim, testified that brass knuckles cause blunt trauma injuries which will cause bruising and can result in "deep damage." He explained that brass knuckles are used to increase the force of the blows and the hardness of a person's fist. Dr. Mouritsen, another emergency room physician who treated the victim, testified that because the victim was hit with brass knuckles, he ordered a CT scan of the victim's head, neck and facial bones to examine him for possible brain injuries.

¶7            In addition, the officer who responded to the scene testified that the victim was unresponsive when he arrived; he was bleeding from his nose, his cheek was cut, and his face was so swollen the officer thought his jaw was broken.  The State also presented photographs of the victim showing his bloody nose, facial swelling, and a laceration below the victim's left eye.

¶8            Accordingly, we conclude there was sufficient evidence from which a reasonable juror could infer that brass knuckles are designed to be used to make the wearer's blows lethal, especially when swung at the victim's head and face as in this case.

## CONCLUSION

¶9            For these reasons, we affirm Appellant's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: mjt