**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE ANTONIO CORNEJO-
VILLAGRANA,

*Petitioner*,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

*Respondent.*

No. 13-72185

Agency No.
A079-648-998

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2017
San Francisco, California

Filed September 14, 2017

Before: Andrew J. Kleinfeld and Kim McLane Wardlaw,
Circuit Judges, and Rosanna Malouf Peterson,[*]
District Judge.

Opinion by Judge Peterson

---

[*] The Honorable Rosanna Malouf Peterson, United States District
Judge for the Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Jose Antonio Cornejo-Villagrana's petition for review of a Board of Immigration Appeals decision concluding that his conviction for misdemeanor domestic violence assault under Arizona Revised Statutes §§ 13-1203 and 13-3601 was a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E) that rendered him removable.

The panel concluded that the Arizona assault statute, Arizona Revised Statutes § 13-1203, is divisible and that, under the modified categorical approach, the record provided a sufficient factual basis to support a finding that Cornejo-Villagrana was convicted of a class 1 misdemeanor under Arizona Revised Statutes § 13-1203(A)(1), which requires intentionally or knowingly causing any physical injury to another person.

The panel further held that Arizona Revised Statutes § 13-1203(A)(1) is a crime of violence under 18 U.S.C. § 16(a), and that the domestic relationships enumerated under Arizona's domestic violence provision, Arizona Revised Statutes § 13-3601(A), are coextensive with the domestic relationships described in 8 U.S.C. § 1227(a)(2)(E). Accordingly, the panel concluded that Cornejo-Villagrana's conviction was a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Benjamin Wiesinger (argued) and John M. Pope, Pope & Associates P.C., Phoenix, Arizona, for Petitioner.

Corey L. Farrell (argued), Attorney; Terri J. Scadron, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PETERSON, District Judge:

Petitioner Jose Antonio Cornejo-Villagrana ("Cornejo") disputes that he is removable as a resident alien who committed a crime of domestic violence under the Immigration and Nationality Act ("INA") § 237(a)(2)(E), 8 U.S.C. § 1227(a)(2)(E).

Cornejo was convicted of misdemeanor domestic violence assault against his spouse under Arizona Revised Statutes ("Ariz. Rev. Stat.") §§ 13-1203 and 13-3601. The Board of Immigration Appeals ("BIA") adopted the Immigration Judge's ("IJ") reasoning that Petitioner was removable, finding that although categorically not a crime of violence, Cornejo's offense fit the federal generic definition of "crime of domestic violence" under the modified categorical approach.

We agree that Petitioner is removable on the basis of his class one misdemeanor domestic violence assault conviction under Arizona law.

## I.  FACTS AND PROCEDURAL HISTORY

Cornejo, a native and citizen of Mexico, entered the United States without inspection in 1994.  On January 30, 2008, he adjusted his status to lawful permanent resident. On October 3, 2008, Cornejo pleaded guilty to "Assault— Domestic Violence Offense," a "Class 1 Misdemeanor" under Arizona law.

Cornejo had been charged with Aggravated Assault, a "Class 6 Felony and a Domestic Violence Offense," committed by knowingly touching his spouse "with the intent to injure, insult, or provoke" while "in violation of an order of protection. . . ."  However, Petitioner entered a guilty plea to "Count 2 (Amended) Assault, a Domestic Violence Offense Class 1 misdemeanor."  There is no amended complaint in the administrative record.

In the plea transcript, Cornejo admitted that he and his wife were fighting, and that as she was "going down the hallway," he "either punched or pushed her in the back of the head . . . with the intention to insult or provoke her . . . ." The superior court judge found that the factual basis supported Cornejo's admission to the class one misdemeanor domestic violence charge and accepted the plea.  The superior court imposed a 12-month term of probation.

In December 2008, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, Form I-862 ("NTA"), in the Immigration Court in Eloy, Arizona.  DHS alleged that Petitioner was removable under the INA as an alien who had committed a crime of domestic violence.  8 U.S.C. § 1227(a)(2)(E)(i).  The NTA alleged that Cornejo was convicted of "a class 1 misdemeanor" domestic violence assault against his spouse, making him

removable under INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i).

The IJ initially terminated Petitioner's removal proceedings. DHS moved the BIA to remand the matter to the IJ, seeking an opportunity to provide the plea transcript that the agency had secured after the initial proceedings were terminated. The BIA granted the motion and remanded to the IJ in December 2010. In August 2012, the IJ determined that Cornejo's conviction qualified as a crime of domestic violence under the modified categorical approach and sustained the charge of removability.

On appeal, the BIA affirmed the IJ's determination that Cornejo was removable based on a crime of domestic violence and ineligible because of insufficient continuous presence for cancellation of removal pursuant to INA § 240A(a), 8 U.S.C. § 1229b(a). Cornejo timely petitioned for review. *See* 8 U.S.C. § 1252(b)(1).

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo. *See, e.g.*, *Ortega v. Holder*, 747 F.3d 1133, 1134 (9th Cir. 2014). The IJ's or BIA's factual findings are reviewed for substantial evidence. *See, e.g.*, *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015). With respect to the issue of removability, the BIA cited to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and adopted and affirmed the IJ's decision in its entirety, so we review the IJ's decision directly. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). Because the BIA did not cite *Burbano* in affirming the IJ's determinations regarding any other issues, we review the BIA's decision with respect to Cornejo's eligibility for

voluntary departure.  *See Mutuku v. Holder*, 600 F.3d 1210, 1212 (9th Cir. 2010).

## III.    ANALYSIS

"Any alien who at any time after admission is convicted of a crime of domestic violence" may be deported.  8 U.S.C. § 1227(a)(2)(E)(i).    For purposes of that ground of deportability, a "crime of domestic violence" is "any crime of violence (as defined in section 16 of title 18, United States Code) against a person" who has one or more of the enumerated domestic relationships with the perpetrator, including being the perpetrator's spouse.  *Id.*  For a misdemeanor to qualify as a crime of violence under 18 U.S.C. § 16, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another, . . . ."  18 U.S.C. § 16(a).

### a.  Categorical Analysis and Divisibility

Cornejo argues that his misdemeanor assault conviction does not support removability as a crime of domestic violence because it was not "violent in nature."  Opening Brief of Petitioner at 10 (citing *Ye v. INS*, 214 F.3d 1128 (9th Cir. 2000) (holding that the force necessary to constitute a crime of violence under 18 U.S.C. § 16(b) must be violent in nature).    Moreover, Cornejo argues that his crime of conviction is overbroad as to 18 U.S.C. § 16.

Under the categorical approach prescribed by *Taylor v. United States*, 495 U.S. 575 (1990), we must determine whether Ariz. Rev. Stat. § 13-1203 necessarily requires as an element "the use, attempted use, or the threatened use of physical force against the person or property of another," 18 U.S.C. § 16(a).  We must consider whether the elements

of the state offense align with, are narrower than, or are broader than the federal generic crime of domestic violence. *See Rendon v. Holder*, 764 F.3d 1077, 1082 (9th Cir. 2012). To accomplish that task, we look to the text of the state statute and to interpretations of the statute's terms by the state's courts. *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017).

In Arizona, a person may commit misdemeanor assault by:

1. Intentionally, knowingly, or recklessly causing any physical injury to another person; or

2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or

3. Knowingly touching another person with the intent to injure, insult, or provoke such person.

Ariz. Rev. Stat. § 13-1203(A). Subsection (A) must be read in conjunction with subsection (B), which says:

Assault committed intentionally or knowingly pursuant to subsection A, paragraph 1 is a class 1 misdemeanor. Assault committed recklessly pursuant to subsection A, paragraph 1 or assault pursuant to subsection A, paragraph 2 is a class 2 misdemeanor. Assault committed pursuant to subsection A, paragraph 3 is a class 3 misdemeanor.

*Id.* at § 13-1203(B).

Paragraph one contains two classes of misdemeanors: (1) a class one misdemeanor committed intentionally or knowingly; and (2) a class two misdemeanor committed recklessly. Ariz. Rev. Stat. § 13-1203(B). Paragraph two defines only a class two misdemeanor. *Id.* Paragraph three contains only a class three misdemeanor. *Id.*

Arizona law defines "intentionally" and "knowingly" as follows:

> (a) "Intentionally" or "with the intent to" means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct.

> (b) "Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

*Id.* at § 13-105(10)(a), (b). Arizona law defines "physical injury" as "impairment of physical condition." *Id.* at § 13-105(33).

Petitioner was convicted of an assault in a domestic violence context because the victim was his spouse. The domestic relationships enumerated under Arizona's domestic violence provision, Ariz. Rev. Stat. § 13-3601(A), are coextensive with the domestic relationships described in 8 U.S.C. § 1227(a)(2)(E)(i), the removal statute at issue.

The categorical approach does not apply here because the elements of the state offense are broader than the elements for the federal generic crime of domestic violence. A defendant may be convicted under Ariz. Rev. Stat. § 13-1203(A)(1) for "recklessly causing any physical injury to another person." We, however, have previously found that recklessly or negligently causing physical injury to another person under paragraph one of the Arizona statute was not a categorical crime of violence under 18 U.S.C. § 16(a), or by extension, a categorical crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(I). *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130–32 (9th Cir. 2006) (en banc); *but see Voisine v. United States*, 136 S. Ct. 2272, 2280 (2016) (concluding that "a person who assaults another recklessly 'uses' force no less than one who carries out that same action intentionally.").

To determine whether a modified categorical approach is appropriate, we must decide whether the relevant statute is divisible. Arizona state courts view § 13-1203 as containing distinct offenses. *See State v. Freeney*, 223 Ariz. 110, 113 (2006) (en banc) (finding that the elements of an offense under subsection (A)(2) materially differ from those of an offense under subsection (A)(1), resulting in separate crimes within the same statute); *State v. Waller*, 235 Ariz. 479, 488 (App. 2014) ("The three types of assault are distinct offenses with different elements, not merely different manners of committing the same offense."); *In re Jeremiah T.*, 212 Ariz. 30, 34 (App. 2006) (holding that assault under subsection (A)(3) is not a lesser-included offense of assault under subsection (A)(1)). Therefore, as we previously have concluded, Ariz. Rev. Stat. § 13-1203 is divisible. *See United States v. Cabrera-Perez*, 751 F.3d 1000, 1004–05 (9th Cir. 2014).

Even where a statute is divisible, a modified categorical analysis is not appropriate unless at least one of the offenses contained within the statute defines a crime of violence, while at least one does not.**[1]** Recklessly causing physical injury to another person under paragraph one of the Arizona statute is not a categorical crime of violence under 18 U.S.C. § 16(a). *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130–32 (9th Cir. 2006) (en banc). But a person who has been convicted under subsection (A)(2) of Ariz. Rev. Stat. § 13-1203 of intentional conduct has committed a crime of violence. *Cabrera-Perez*, 751 F.3d at 1007. Therefore, a modified categorical analysis is required to determine whether Petitioner's conviction is a crime of violence.**[2]**

### b.  *Modified Categorical Analysis*

Throughout the administrative proceedings in this matter, Cornejo conceded that his crime of conviction was a class one misdemeanor. Only one offense constitutes a class one misdemeanor under § 13-1203, intentionally or knowingly "causing any physical injury to another person." Ariz. Rev. Stat. § 13-1203(A)(1). However, Cornejo now

---

**[1]** When a statute lists alternative offenses rather than means of commission, so that the structure of the statute "renders opaque which element played a part in the defendant's conviction," we proceed to the modified categorical approach to determine what part of the divisible statute formed the basis of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).

**[2]** Petitioner argues that the Arizona assault statute also is overbroad because one could commit a class one misdemeanor assault without violent physical force. Given that we have found the statute divisible and appropriate for a modified categorical analysis, we do not address that issue.

argues that his record of conviction is inconclusive, and so we proceed under a modified categorical approach.

Under the modified categorical approach, we confine our inquiry to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The plea colloquy, the order accepting the plea agreement, and the sentencing order unambiguously state that Cornejo pleaded guilty to a class one misdemeanor domestic violence assault.

We acknowledge that the superior court judge and Cornejo's defense counsel used the phrase, "with the intention to insult or provoke" that tracks the offense set forth in paragraph three of Ariz. Rev. Stat. § 13-1203(A). However, Cornejo pleaded guilty to a class one misdemeanor. The only class one misdemeanor in that statute is in paragraph one and requires that a person intentionally or knowingly cause physical injury to another person. Ariz. Rev. Stat. § 13-1203(A)(1). Moreover, Cornejo admitted that he acted "with the intention to insult or provoke" his wife, and that he "either punched or pushed" his wife in the back of the head. These admissions form a sufficient factual basis to support that Cornejo "intentionally [or] knowingly . . . caus[ed] any physical injury" to his spouse. *See* Ariz. Rev. Stat. § 13-1203(A)(1).

Cornejo argues that the factual basis of the plea shows that he did not intend to use violent force, because his intention was to insult or provoke his wife, which follows the language of Ariz. Rev. Stat. § 13-1203(A)(3). He misunderstands the intentionally element of the statute. The statute requires that he intentionally use violent force, which he did. He punched or pushed her in the back of the head.

It is irrelevant whether he used violent force because he wanted to insult or provoke her. The BIA, in a published opinion, explained, "The key inquiry is not the alien's intent for purposes of assault," but instead whether the statute of conviction "requires the intentional use of 'violent force.'" *Matter of Julio E. Velasquez*, 25 I&N Dec. 278, 283 (BIA 2010). This published BIA opinion is entitled to *Chevron* deference. *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081 (9th Cir. 2008).

Moreover, Cornejo's attempt to have us review the underlying facts for his conviction goes beyond the scope of the modified categorical approach. In *Descamps*, the Supreme Court admonished courts for using the modified categorical approach to "try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct." 133 S. Ct. at 2288. The Court explained, "Our modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction." *Id.* Based on the *Shepard* documents, we know that Cornejo was convicted of a class 1 misdemeanor for assault, which means he intentionally or knowingly caused physical injury to his wife. If Cornejo wanted to argue that the sentencing court had erred in finding a factual basis for his plea, he could have done so on direct appeal in state court.

### c. *Comparison of Crime of Conviction with Federal Generic Offense*

To determine whether a state court conviction is coextensive with the federal generic "crime of domestic violence," we look to state law to determine the nature of a prior state conviction, and to federal law to interpret the federal statute. *United States v. Flores-Cordero*, 723 F.3d 1085, 1087 (9th Cir. 2013) (citing *Johnson v. United States*,

559 U.S. 133, 138 (2010)).  The Arizona statute refers to "physical injury," but does not include the word "force." Ariz. Rev. Stat. § 13-1203(A)(1).  But the Arizona Supreme Court has determined that "physical injury" may be used interchangeably with "physical force."  *State v. Gordon*, 120 Ariz. 172, 174 (1978) (en banc) (citing *State v. Dillon*, 26 Ariz. App. 220, 222 (1976)).

Turning to federal law, the Supreme Court explicitly rejected the notion that a statute that prohibits intentionally or knowingly causing bodily injury may be committed without employing force, for instance by poisoning a victim's drink.  *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ("That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."). *Castleman* held that the common-law meaning of force, requiring only "offensive touching" rather than "violent force," "fits perfectly" within the definition of "misdemeanor crime of domestic violence" used for 18 U.S.C. § 922(g)(9), restricting individuals convicted of a "misdemeanor crime of domestic violence" from possessing a firearm, "because perpetrators of domestic violence are routinely prosecuted under generally applicable assault or battery laws . . . ."  *Id.* at 1410–11 (internal quotation marks omitted).  The Court further reasoned that the term "domestic violence" is a "term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context."  *Id.* at 1410–11.

In *Castleman*, the Court departed from its decision in *Johnson v. United States*, 559 U.S. 133 (2010), where the Court interpreted language in the Armed Career Criminal Act very similar to that found in the crime of violence statute. § *See* 18 U.S.C. §§ 924(e)(2)(B)(i) (ACCA); 18 U.S.C. § 16(a) (crime of violence definition).  The Court

determined that "physical force" should be understood to mean "violent force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140; *see also Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) (relying on the *Johnson*, 559 U.S. at 140, definition of physical force in the § 16(a) context). Therefore, "violent force" is present when there is "physical injury" for purposes of a "crime of violence." *See id*.

We have held repeatedly "that threat and assault statutes necessarily involve the use of violent, physical force," so long as they are in the context of knowing and intentional behavior. *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1290 (9th Cir. 2017). A defendant charged with "assault resulting in bodily injury, *necessarily* must have committed an act of force in causing the injury." *Id.* (quoting *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (internal quotation marks omitted)). Cases subsequent to *Juvenile Female* are in accord. *See Cabrera-Perez*, 751 F.3d at 1007; *Arellano Hernandez*, 831 F.3d at 1130–32. Therefore, the "use of physical force" may not be dissociated from intentionally or knowingly causing physical injury under Ariz. Rev. Stat. § 13-1203(a).

Arizona's class one misdemeanor domestic violence assault is a crime of violence under 18 U.S.C. § 16(a), and with the additional element of a domestic relationship, a "crime of domestic violence" for purposes of 8 U.S.C. § 1227(a)(2)(E). Therefore, Petitioner is removable due to his misdemeanor domestic violence conviction under the modified categorical approach.

**PETITIONER'S PETITION FOR REVIEW IS DENIED.**