496 P.2d 129

The STATE of Arizona, Appellee,

v.

Robert Allen FIERRO, Appellant.

No. 2237.

Supreme Court of Arizona,
In Banc.

April 24, 1972.

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, and Mary Z. Chandler, Asst. Attys. Gen., Phoenix, for appellee.

Howard A. Kashman, Pima County Public Defender by Eleanor Daru Schorr, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Robert Fierro, was found guilty by a jury of kidnapping, rape, and theft of a motor vehicle. We find that the court below committed reversible error at defendant's trial in failing to sustain defense counsel's objection to a question asked by the state on cross-examination of one Victor Reyes, a parole officer for the Department of Corrections. Reyes was asked whether he once made a statement that he had always thought of the defendant as a rapist. Over objection by defense counsel, the question was answered affirmatively.

The above testimony was inadmissible for several reasons. First, the question asked Reyes, if he had ever expressed a belief that the defendant was a rapist. A witness's beliefs or opinions are not proper evidence. Britt v. State, 25 Ariz. 419, 218 P. 981 (1923). They are mere

conclusions which might be founded on facts entirely irrelevant to the question of a defendant's guilt of the present charge.

The state argues that defense counsel "opened the door" for impeachment by prior inconsistent statement. The basis for this argument concerns testimony of Reyes on direct examination that he had seen a man prior to the trial who bore a striking resemblance to the defendant. Reyes testified that he did not attempt to stop this man because he thought that if this was the alleged rapist sought by the police, he might scare him off. The state contends that Reyes's testimony can be considered an opinion on his part that the unknown person, and not the defendant, was the perpetrator of the crime. The argument continues that the prejudicial question was asked to show that a prior inconsistent opinion had been expressed concerning the identity of the crime.

■ We find the state's argument wholly without merit. Reyes cannot be said to have offered an opinion * as to the identity of the perpetrator at either point in his testimony. In addition, in order for a prior statement to be admitted for impeachment purposes, it must be directly, substantially and materially contradictory to the testimony in issue. Udall, Arizona Law of Evidence, § 63 (1960). Reyes's testimony that he saw a person who fit the description of the suspect can in no way be said to be inconsistent with the earlier statement that he always thought of the defendant as a rapist. *See* Strong v. State, 81 Okl.Cr. 263, 163 P.2d 242 (1945).

■ Another reason for rejecting the question asked here is that it calls for testimony as to the defendant's character. It is generally only where the defendant offers evidence of his good reputation for the trait involved in the charge that the state, in cross-examination of the character witnesses, may offer testimony tending to show a bad reputation for that trait. Udall,

*supra*, at § 114. Here, the defendant offered no testimony as to the trait involved.

■ The state argues in its brief that if any error occurred in allowing this testimony in evidence, it was harmless, in view of the fact that on re-direct examination of Reyes, defense counsel established that Reyes's opinion that the defendant was a rapist had been based on misinformation. We disagree. The obviously prejudicial nature of such testimony was too overwhelming for its effect on the jury to have been extinguished by a showing that the parole officer was misinformed. *Cf*. State v. Kellington, 93 Ariz. 396, 398, 381 P.2d 215, 216 (1963).

■ We find it necessary to answer one further issue which the defendant raises in his appeal. He claims he was denied equal protection when he was forced to participate in a lineup while incarcerated for want of bail and awaiting trial for a separate and distinct crime. It was at this lineup that the defendant was identified by the prosecutrix as the man who had kidnapped and raped her.

The defendant bases his argument on the fact that if he had been able to make bail for the unrelated charge, he would not have been forced to participate in the lineup. Recognizing that a classification exists between those who can and those who cannot make bail, the Third Circuit Court of Appeals, in Rigney v. Hendrick, 355 F.2d 710 (3rd Cir. 1965), found no invidious discrimination imposed upon an unbailed defendant, stating that any differences between the treatment of the bailed and the unbailed defendant are due solely to the inherent characteristics of confinement. With this position, we agree.

Reversed and remanded.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.

---

* Which testimony, as we have already stated, would have been inadmissible in any event.