639 P.2d 362

The STATE of Arizona, Appellee,

v.

Armando Xavier NAVALLEZ, Appellant.

No. 2 CA–CR 2330.

Court of Appeals of Arizona,
Division 2.

Nov. 25, 1981.

Rehearing Denied Dec. 15, 1981.

Review Denied Jan. 12, 1982.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Barry J. Baker Sipe, Asst. County Public Defender, Tucson, for appellant.

OPINION

BIRDSALL, Judge.

The appellant was convicted of theft of property having a value over $100 and less than $1,000, a class 4 felony, with a prior felony conviction. On appeal he argues that the trial court committed reversible error in:

1) Precluding a prior out-of-court statement of a prosecution witness,

2) Failing to give a requested "identification" instruction, and

3) Denying his motion to suppress identification evidence.

We find no reversible error and affirm.

This crime was committed in broad daylight at Zody's department store in Tucson when the appellant took the victim's purse from her shopping cart and ran. The victim witnessed the crime and immediately shouted that her purse had been taken. Several persons gave chase but the appellant was able to get away in his borrowed car. Two of the men who had run after him reported the license number to the police who then located the vehicle at the residence of its owner. The appellant was apprehended leaving that residence through a back window. He was not wearing the same clothes that the witnesses at the scene remembered. The clothing described by the witnesses was not found in the residence or the car.

The police then took the victim and three witnesses to view the car and the appellant. While riding together they discussed their respective observations of the crime. The car and the appellant were at the residence. The appellant was handcuffed and standing with two other males when they viewed him. The two men bore little resemblance to the appellant. Although the victim could not identify the appellant either then or at trial since she "did not get a good look at him when he took her purse," the other two witnesses did identify him at the residence.

Richard Eichhorn was an identification witness called by the state. He was in Zody's when the purse was taken and went to the scene of the arrest with the police. There was evidence at trial that he had been offered a reward by the victim. In cross examination he was asked if he had talked on the phone with an investigator for the public defender about the case. He admitted that the investigator called him but said "she came on so strong" he didn't talk to her. The investigator was called as a defense witness. She testified:

"Q. Could you relate to us the conversation pertaining to Mr. Eichhorn receiving a reward for testifying or for having the person that he identified, convicted?

A. He stated that he didn't really want to testify, but that he had been promised a reward but that he had not heard anything further about the reward, and that he felt "stupid" about having to testify."

She was then asked:

"Q. All right. What did he say about talking to you, or talking to us?"

The court sustained an objection to that question. An offer of proof by appellant's counsel demonstrated that the answer would have been:

"I have to check with somebody about whether I am going to talk with you."

Appellant makes the following argument: This testimony should have been admitted; it was not hearsay since it was a prior inconsistent statement. Rule 801(d)(1), Rules of Evidence, 17A A.R.S. Appellant claims this statement to the investigator contradicted his testimony that he did not talk with her because "she came on so strong." He argues it was not necessary to ask a warning question as a predicate to the question.

As authority, appellant cites two federal cases interpreting Federal Rule of Evidence 613(b): *United States v. Barrett*, 539 F.2d 244 (1st Cir. 1976) and *United States v. Bibbs*, 564 F.2d 1165 (5th Cir. 1977). He also cites *State v. Acree*, 121 Ariz. 94, 588 P.2d 836 (1978). Although the court in *Acree* found it unnecessary to discuss the law in detail, the opinion clearly recognizes that it is not necessary that a witness be asked about prior inconsistent statements before extrinsic evidence of those statements may be admitted so long as the witness is given an opportunity to explain or deny the statements. 17A A.R.S., Rules of Evidence, rule 613(b). The Arizona rule is identical to the federal rule.

*Bibbs* actually involved a *subsequent* inconsistent statement claimed to have been made after the witness testified. The trial court admitted evidence of the statement in rebuttal by the prosecution. Although actually holding that federal rule 613(b) did not provide a procedure for the use of *subsequent* statements, the appellate court rec-

ognized that the rule does not require that impeachment foundation (the warning question) precede the testimony of the impeaching witness. The opinion states that rule 613(b) merely requires that the impeached witness be afforded an opportunity to explain or deny the inconsistent statement. The court noted that this could have been done by permitting the impeachment witness to be recalled in surrebuttal. It also cited federal authority holding that "trial courts have wide latitude in ruling on evidentiary questions."

Barrett quotes at length from the Reporter of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States explaining the change in Rule 613(b). The opinion nevertheless recognizes that although good practice would still call for laying a foundation (the warning question) in most cases, "One is not absolutely required." Since the trial court in Barrett excluded the proffered impeachment testimony without any showing that the impeached witness would not still be available to explain or deny the apparent inconsistency, and with no justification based on judicial economy or convenience, the appellate court found error. It was then necessary to determine whether that error required reversal. Because the defense theory of the case rested on the notion that the three defense witnesses sought to be impeached were lying and because the impeachment evidence was of such a nature that their testimony might have been "substantially diminished," the appellate court found that this error did affect the substantial rights of the defendant and was therefore reversible.

■ Thus if we were to find error in the present case it would be necessary for us to determine if the offered testimony was of such consequence that the jury might have a reasonable doubt concerning the credibility of the state's witness which it might not entertain without that evidence. In Barrett the "inconsistent statements" were to the effect that the witnesses had on specific occasions said that the defendant was not involved in the crime. The gist of the witnesses' trial testimony was directly the opposite. The instant case does not involve impeachment evidence of such magnitude. The appellant argues that the excluded evidence would permit an inference that the witness lied when he said he did not talk to the investigator because she "came on so strong." This, he contends, would lead to a further inference that the person he wanted to talk to before he answered her questions had something to do with the reward. From this appellant would argue that the witness was testifying for the reward. Unlike Barrett the evidence (of a reward promised the witness) was already before the jury. Although the fact that the witness may have made a prior statement somewhat inconsistent with his trial testimony may have arguably affected his credibility, we cannot believe that his credibility would have been "substantially diminished" as in Barrett. Therefore even if we were to find error we believe it would be harmless.

■ However, we do not believe the trial court committed any error. The evidence that the witness told the investigator he wanted to talk with someone before he talked to her was not inconsistent with his trial testimony. He may well have said this to her while disguising his real reason, about which he testified. The elimination of the necessity of a warning question does not change the long established rule that in order for a prior statement to be admitted for impeachment it must directly, substantially, and materially contradict testimony in issue. State v. Fierro, 108 Ariz. 268, 496 P.2d 129 (1972); See Rule 19.3(b), Rules of Criminal Procedure, 17 A.R.S. This offered statement did not qualify under these requirements.

■ We now turn to the second claim of error. The instruction requested by the appellant and refused by the trial court was:

"In this prosecution, in addition to showing the commission of this offense, it is necessary and incumbent upon the State to prove beyond a reasonable doubt that the defendant was the one who committed it. If you entertain any reasona-

ble doubt as to the question of the identity of the accused, then you are compelled to find the defendant not guilty."

The court gave standard instructions on reasonable doubt, the presumption of innocence, and the state's burden to prove each element of the offense. The court instructed the jury on the elements of the offense as follows:

"A person commits theft if without legal authority he knowingly controls another person's property and intended to deprive such other person of the property. If you find the defendant guilty of theft beyond a reasonable doubt, you must also find the value of the property stolen as indicated on the form of verdict, beyond a reasonable doubt."

This instruction clearly requires the jury to find that *the defendant* "knowingly controlled" and "intended to deprive." The instructions given adequately covered the request. *State v. Taylor*, 109 Ariz. 267, 508 P.2d 731 (1973); *State v. Corrales*, 95 Ariz. 401, 391 P.2d 563 (1964).

 Finally, we will consider appellant's claim that in-court identification should have been suppressed. The record discloses that the motion to suppress was filed on the first day of trial. The state objected to its timeliness. It should have been made at least 20 days before the trial date. Rule 16.1(b), Rules of Criminal Procedure, 17 A.R.S. The court heard the motion anyway, stating, "I think we will probably get into more trouble than it is worth by not hearing it."

We have reviewed the entire record of the evidentiary hearing on the motion and the evidence at trial. The trial court found the pre-trial identification procedure to be unduly suggestive but further found clear and convincing evidence that each in-court identification had an independent source. The court further found that the lineup procedure utilized did not create a substantial likelihood of misidentification, for the same reason and because it was done so quickly after the crime.

We believe the trial court's findings comport with the requirements of *State v. Des-*sureault*, 104 Ariz. 380, 453 P.2d 951 (1969). Substantial evidence in the record supports these findings. We find no error.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.