**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

KEITH BENNETT GORDON
STUDHORSE II, AKA Keith Bennett
Studd, AKA Keith Bennett
Studhorse,
        *Defendant-Appellant.*

No. 16-30299

D.C. No.
2:16-cr-00087-
TOR-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted February 7, 2018[*]
Seattle, Washington

Filed March 2, 2018

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  MILAN D. SMITH, JR. and MARY H.
MURGUIA, Circuit Judges, and EDUARDO C.
ROBRENO,** District Judge.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY***

### Criminal Law

The panel affirmed (1) the district court's denial of the defendant's motion to dismiss a count charging him with possession of body armor by a violent felon in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7), and (2) its interpretation and application of the Sentencing Guidelines.

Section 931(a) prohibits a person from possessing body armor if he or she has been convicted of a felony that is a "crime of violence" as defined in 18 U.S.C. § 16. The panel held that attempted first degree murder under Washington law constitutes a "crime of violence" under 18 U.S.C. § 16(a) because it requires specific intent and has as an element an intentional, threatened, attempted, or actual use of force.

The panel held that, for the same reasons, attempted first degree murder under Washington law is a "crime of violence" under USSG § 4B1.2(a).

** The Honorable Eduardo C. Robreno, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Matthew Campbell, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

George J.C. Jacobs III, Assistant United States Attorney; Joseph H. Harrington, United States Attorney; United States Attorney's Office, Spokane, Washington; or Plaintiff-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Defendant-Appellant Keith Bennett Studhorse, II, appeals (1) the district court's denial of his motion to dismiss Count 2 of the indictment, which charged him with possession of body armor by a violent felon, and (2) the district court's interpretation and application of the United States Sentencing Guidelines. He argues that the district court erred in denying his motion to dismiss and in calculating his sentence because it improperly determined that Studhorse's prior Washington State conviction for attempted first degree murder qualified as a "crime of violence." We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C § 3742, and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2016, a two-count indictment was filed against Defendant-Appellant Keith Bennett Studhorse, II, charging him in one count with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm), and in a second count with a violation of 18 U.S.C.

§§ 931(a)(1) and 924(a)(7) (violent felon in possession of body armor). Studhorse moved to dismiss Count 2 on July 8, 2016. Studhorse argued that dismissal was required because his three relevant prior convictions under Washington state law (for attempted first degree murder, second degree manslaughter, and riot with a deadly weapon) did not constitute crimes of violence as defined in 18 U.S.C. § 16. In its response, the Government argued that attempted first degree murder and riot constituted crimes of violence; it declined to address whether second-degree manslaughter was a "crime of violence" as well.

On July 28, 2016, the district court held a hearing on Studhorse's motion. The court denied the motion on August 2, 2016, on the basis that attempted first degree murder is a "crime of violence." Studhorse then entered a plea of guilty pursuant to a conditional plea agreement that permitted him to later challenge the denial of his motion and his sentence.

A presentence investigation report (PSR) was prepared in advance of Studhorse's sentencing. The PSR relied on the district court's determination that Studhorse's prior conviction for attempted first degree murder qualified as a "crime of violence," and calculated that Studhorse's base offense level was 20, total adjusted offense level was 17, and criminal history category was IV. This resulted in an advisory guideline range of 37–46 months imprisonment.

At sentencing on December 7, 2016, Studhorse objected to the PSR's categorization of his prior conviction for attempted first degree murder as a "crime of violence." The Government also objected to the PSR, arguing that Studhorse's two other convictions for second-degree manslaughter and riot should be counted as crimes of violence. Studhorse disputed this, and the district court overruled the Government's objections, but affirmed its

holding with regard to Studhorse's attempted first degree murder conviction. The district court adopted the PSR's sentencing calculations,[1] though it ultimately varied upward to sentence Studhorse to 84 months' incarceration. Studhorse timely appealed.

## STANDARD OF REVIEW

We review de novo both the district court's denial of Studhorse's motion to dismiss Count 2 of the indictment, *see United States v. Gomez-Rodriguez*, 96 F.3d 1262, 1264 (9th Cir. 1996) (en banc), and its interpretation and application of the Sentencing Guidelines, *e.g.*, *United States v. Calderon Espinosa*, 569 F.3d 1005, 1007 (9th Cir. 2009).

## ANALYSIS

## I. Attempted First Degree Murder Under Washington Law Constitutes a "Crime of Violence" Under 18 U.S.C. § 16[2]

---

[1] The PSR and the district court used the 2015 Guidelines to preclude a possible *Ex Post Facto* Clause challenge to its sentence. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (affirming that an *ex post facto* challenge could be brought if a retroactive change in the Guidelines created a significant risk of a higher sentence).

[2] On October 2, 2017, the Supreme Court heard argument in *Sessions v. Dimaya*, No. 15-1498, which presents the question of whether 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague. *See Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (granting petition for writ of certiorari); *Dimaya v. Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015) (holding that § 16(b) is unconstitutionally vague). Because the Court has not yet published an opinion in *Dimaya*, and the constitutionality of § 16(b) is unresolved as a result, we focus our attention on whether Washington's attempted first

18 U.S.C. § 931(a) prohibits a person from "purchas[ing], own[ing], or possess[ing] body armor" if he or she "has been convicted of a felony that is . . . a crime of violence (as defined in section 16)." *Id.* In turn, 18 U.S.C. § 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* Thus, to be convicted under § 931, a person must have previously been convicted of at least one felony that meets § 16's "crime of violence" definition.

The felony at issue in this case is attempted first degree murder. On August 11, 1994, Studhorse pleaded guilty in Spokane County Superior Court to attempted first degree murder. In Washington, "'[a]ttempted murder' is not a crime listed in the statutes. Rather, criminal attempt and murder combine to form attempted murder." *State v. Mannering*, 75 P.3d 961, 964 (Wash. 2003) (en banc). Washington's first degree murder statute, Revised Code of Washington section 9A.32.030(1), dictates that a person commits murder in the first degree when:

---

degree murder statute meets the definition in § 16(a), as did the district court below.

(a) With a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person; or

(b) Under circumstances manifesting an extreme indifference to human life, he or she engages in conduct which creates a grave risk of death to any person, and thereby causes the death of a person; or

(c) He or she commits or attempts to commit the crime of either (1) robbery in the first or second degree, (2) rape in the first or second degree, (3) burglary in the first degree, (4) arson in the first or second degree, or (5) kidnapping in the first or second degree, and in the course of or in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants . . . .

*Id.* Washington's criminal attempt statute, Revised Code of Washington section 9A.28.020(1), specifies that "[a] person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." *Id.* Thus, "attempted murder occurs when a person takes a substantial step in causing another[] person's death with the intent to cause that person's death." *State v. Mannering*, 48 P.3d 367, 370 (Wash. Ct. App. 2002), *aff'd*, 75 P.3d 961 (Wash. 2003).

To determine whether Studhorse's conviction under these statutes satisfies § 16, we first employ the familiar

"'categorical approach' to determine whether the state offense matches the 'generic' federal definition of . . . a crime of violence under 18 U.S.C. § 16(a) or (b)." *Ramirez v. Lynch*, 810 F.3d 1127, 1130–31 (9th Cir. 2016) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). This involves "comparing the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Id.* at 1131 (alteration omitted) (quoting *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013)). In other words, we ignore the facts of the case and simply "line[] up [the] crime's elements alongside those of the generic offense and see[] if they match." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In doing so, "we must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized." *Moncrieffe*, 569 U.S. 190–91 (alterations omitted) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010) [hereinafter *Johnson I*]); *see also United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006) (holding that "even the least egregious conduct the statute covers must qualify" for there to be a categorical match). We will find a statute over-inclusive where it "criminalizes both conduct that does and conduct that does not qualify" as a "crime of violence." *United States v. Werle*, 815 F.3d 614, 618 (9th Cir. 2016).

We have previously determined that the near-identical language of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), imposes two requirements for a categorical match: "First, the 'physical force' used must be '*violent* force,' or 'force capable of causing physical pain or injury to another person.'" *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Johnson I*, 559 U.S. at 140). "Second, the use of force must be intentional, not just reckless or negligent." *Id.*; *see also Leocal v. Ashcroft*,

543 U.S. 1, 9–11 (2004) (explaining that § 16 encompassed "a category of violent, active crimes" and thus required "a higher degree of intent than negligent or merely accidental conduct"). Here, Studhorse's Washington conviction for attempted first degree murder satisfies both requirements.

### A. Attempted First Degree Murder Under Washington Law Requires Specific Intent[3]

Washington law is clear with regard to the two elements of criminal attempt: "intent to commit the base crime and a substantial step toward doing so." *E.g.*, *State v. Johnson*, 270 P.3d 591, 596 (Wash. 2012) (en banc). "It is not necessary that the base crime contain the same mental state element as the crime of attempt in order to prosecute the attempt crime." *Id.* Regardless of the intent required to commit the underlying crime, "[t]he mental state required for criminal attempt (specific intent) is the highest mental state." *Id.* Thus, Studhorse's conviction for attempted first degree murder had a *mens rea* requirement of specific intent.

---

[3] Studhorse did not make an overbreadth argument before the district court regarding the *mens rea* required for attempted first degree murder under Washington law. When he appeared to raise the argument for the first time on appeal, the Government responded with a claim that the new argument was waived and beyond the court's consideration because Studhorse had not shown good cause for his failure to raise it earlier. We disagree. Studhorse argued below that his attempted first degree murder conviction was not a "crime of violence" as defined by § 16, and "it is claims that are deemed waived or forfeited, not arguments." *United States v. Walton*, No. 15-50358, 2018 WL 650979, at *1 (9th Cir. Feb. 1, 2018) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)). The Government argued this purely legal question before the sentencing court as well as before this court on appeal. We therefore review it de novo here. *See id.*

**B.  Attempted    First    Degree    Murder    Under
    Washington   Law   Has   as   an   Element   an
    Intentional Threatened, Attempted, or Actual Use
    of Force**

A Washington attempted first degree murder conviction
requires that a defendant have taken "a substantial step in
causing another's person's death with the intent to cause that
person's death." *Mannering*, 48 P.3d at 370.  Studhorse
argues that section 9A.32.030 is overbroad with regard to its
*actus reus* requirement "because any slight act in furtherance
of the crime suffices."  However, this is no longer the law in
Washington.  Before 1975, Washington law recognized that
"slight acts in furtherance of a scheme" could "establish the
necessary element of overtness" where intent was "clearly
shown." *State v. Goddard*, 447 P.2d 180, 183 (Wash. 1968).
However, Washington changed its attempt statute in 1975,
replacing the prior statute's "overt act" requirement with the
present statute's "substantial step" requirement.  *State v.
Workman*, 584 P.2d 382, 387 (Wash. 1978) (en banc).  This
heightened Washington's attempt requirements.   Now,
though a "slight act" still could qualify as a sufficiently
substantial step, it can only meet this standard if it is
"strongly corroborative of the actor's criminal purpose." *Id.*
at 388; *see also, e.g.*, *In re Borrero*, 167 P.3d 1106, 1109
(Wash. 2007) (en banc).   "Mere preparation to commit a
crime" is not sufficient. *E.g.*, *State v. Townsend*, 57 P.3d
255, 262 (Wash. 2002) (en banc).

In light of this change in Washington's law, we easily
conclude that Washington attempted first degree murder
falls within § 16(a)'s definition of a "crime of violence."  We
find this conclusion to be consistent with Washington case
law affirming convictions for attempted first degree murder
that were premised on the use, attempted use, or threatened

use of physical force. *See, e.g.*, *State v. Vangerpen*, 888 P.2d 1177, 1185 (Wash. 1995) (en banc) (affirming that "act of reaching quickly toward the loaded, cocked, concealed gun is strongly corroborative of an attempt to fire the gun with an intent to end the officer's life"); *State v. Price*, 14 P.3d 841, 845 (Wash. Ct. App. 2000) (affirming conviction for two counts of attempted first degree murder—one as to each of two victims—where defendant fired a single shot into a car containing those victims). We note that Studhorse has not cited any case indicating that a "slight act" could ever be "strongly corroborative" of one person's intent to murder another person without also involving the use, attempted use, or threatened use of physical force against the person of another.[4]

Our holding that there is no such case is also in keeping with the Supreme Court's reasoning in *United States v. Castleman*, 134 S. Ct. 1405 (2014). There, the Court considered the "crime of violence" definition of § 922(g)(9), which required, in relevant part, that an offense have "as an element, the use or attempted use of physical force." *Id.* at

---

[4] Studhorse relies exclusively on the three Washington state court cases that the district court rejected below. *See State v. Carter*, 109 P.3d 823 (Wash. 2005) (en banc); *State v. Leech*, 790 P.2d 160 (Wash. 1990) (en banc); *State v. Dudrey*, 635 P.2d 750 (Wash. Ct. App. 1981). However, these cases lend no support to Studhorse's claims. Because they concern *felony* murder convictions, they are entirely inapposite here. Studhorse was convicted of *attempted* first degree murder, which cannot be premised on felony murder under Washington law. *See In re Richey*, 175 P.3d 585, 587 (Wash. 2008) (en banc) (affirming that Washington law recognizes no crime of attempted felony murder because such a crime illogically would "burden[] the State with the necessity of proving that the defendant intended to commit a crime that does not have an element of intent"). The fact that Studhorse was convicted of an intentional crime puts him in a different position from the defendants in *Carter*, *Leech*, and *Dudrey*.

1409 (quoting § 921(a)(33)(A)(ii)). The defendant had moved to dismiss a charge brought under this provision, arguing that his Tennessee conviction for "having 'intentionally or knowingly caused bodily injury to' the mother of his child," was overbroad because a person could cause bodily injury without violent contact, such as by tricking his victim into drinking poison. *Id.* (alterations omitted) (quoting Tenn. Code Ann. § 39-13-111(b)).

The Court rejected this contention. The Court held first that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id.* at 1414. In support of this holding, it reiterated its *Johnson I* explanation that "'physical force' is simply 'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force.'" *Id.* (quoting *Johnson I*, 559 U.S. at 138). And it noted that "the common-law concept of 'force' encompasses even its indirect application." *Id.* The Court next held that "the knowing or intentional application of force is a 'use' of force." *Id.* at 1415. Using the example of poison, the Court explained that "use of force" is not the sprinkling of the poison onto a victim's food, but rather "is the act of employing poison knowingly as a device to cause physical harm." *Id.* The fact "[t]hat the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id.* After all, if the opposite were true, "one could say that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." *Id.*

Subsequently, our circuit has applied *Castleman*'s reasoning in the context of 18 U.S.C. § 16(a). For example, in *Cornejo-Villagrana v. Sessions*, 870 F.3d 1099 (9th Cir. 2017), we considered whether an Arizona class one misdemeanor domestic violence assault conviction was a

"crime of violence" under 18 U.S.C. § 16(a). *Id.* at 1101, 1105–06. We noted that the *Castleman* Court had "determined that 'physical force' should be understood to mean 'violent force—that is, force capable of causing physical pain or injury to another person,'" such that "'violent force' is present when there is 'physical injury' for purposes of a 'crime of violence.'" *Id.* at 1105–06 (citations omitted) (quoting *Johnson I*, 559 U.S. at 140). We then found this determination to be in keeping with our precedents finding threat and assault statutes to "'necessarily involve the use of violent, physical force,' so long as they are in the context of knowing and intentional behavior." *Id.* at 1106 (quoting *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1290 (9th Cir. 2017)); *see also Calvillo-Palacios*, 860 F.3d at 1290–91 (collecting cases); *United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (concluding that a threat of anthrax poisoning constituted a "threatened use of physical force" because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores" and anthrax's "physical effect on the body is no less violently forceful than the effect of a kick or blow"). Thus, we held that "the 'use of physical force' may not be dissociated from intentionally or knowingly causing physical injury." *Cornejo-Villagrana*, 870 F.3d at 1106.

Studhorse has given us no reason to depart from these precedents here. Studhorse was convicted of having taken a substantial step toward causing the death of another with the specific intent to cause that person's death. *Castleman* and its progeny make clear that such an intentional act, "strongly corroborative" as it must have been of Studhorse's purpose to cause death, necessarily involved the use, attempted use, or threatened use of force. Even if Studhorse took only a slight, nonviolent act with the intent to cause another's death, that act would pose a threat of violent force sufficient

to satisfy § 16(a). *See Cornejo-Villagrana*, 870 F.3d at 1105–06; *De La Fuente*, 353 F.3d at 770–71; *see also James v. United States*, 550 U.S. 192, 208 (2007) (noting in the ACCA context that attempted murder is a "prototypically violent crime"), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2251 (2015). Thus, Studhorse's attempted first degree murder conviction had as an element the intentional use, threatened use, or attempted use of physical force against a person, and qualifies as a "crime of violence" under § 16(a).

## II. Attempted First Degree Murder Under Washington Law Is a "Crime of Violence" Under United States Sentencing Guidelines § 4B1.2(a)

Section 2K2.1 of the United States Sentencing Guidelines applies to Studhorse's conviction for a violation of 18 U.S.C. § 922(g)(1). This guideline mandates that Studhorse's base offense level was 20 because he was previously convicted of one prior felony conviction for a "crime of violence." *See* U.S. Sentencing Comm'n, Guidelines Manual, § 2K2.1(a)(4)(A) (Nov. 2015).

The commentary to § 2K2.1 indicates that the term "'crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1, comment. (n.1). Section 4B1.2(a) defines the term as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a).  Application Note 1 of the Commentary to § 4B1.2 elaborates that the category of offenses qualifying for the "crime of violence" designation includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2, comment. (n.1).  It also specifies that the "crime of violence" category "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." *Id.*

This commentary plainly undercuts Studhorse's challenge to his sentence.  However, Studhorse argues we should give it no weight.  In a convoluted argument based in administrative law and reliant upon pre-*Beckles*, out-of-circuit cases, Studhorse asserts that the commentary is not authoritative because it "does not interpret an intelligible textual provision" of USSG § 4B1.2 itself and thus, "under the governing principles of administrative law, . . . is not controlling."

This argument is a nonstarter.  The Supreme Court has held "that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).  For the reasons outlined in Section I above, defining a "crime of violence" to include attempted first degree murder is not inconsistent with the guideline's text, which requires

a "crime of violence" to have as an element the use, attempted use, or threatened use of physical force against the person of another. Studhorse's argument focuses on the inscrutability of § 4B1.2(a)(2), but that focus is misplaced. The commentary is authoritative and clarifies that Studhorse's Washington attempted first degree murder conviction is a "crime of violence" pursuant to § 4B1.2(a).

Indeed, even if the commentary were *not* controlling, our conclusion would be the same. An attempted first degree murder conviction under Washington law has as an element the use, attempted use, or threatened use of physical force against the person of another. Thus, for the reasons outlined in Section I above, it qualifies as a "crime of violence" according to § 4B1.2(a)(1)'s plain text.

## CONCLUSION

For the forgoing reasons, we affirm the district court's denial of Studhorse's motion to dismiss Count 2 of the indictment and its interpretation and application of the United States Sentencing Guidelines.

AFFIRMED.