

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ELIJAH LOREN ARTHUR, SR., aka Elijah Loren Arthur,<br><br>Defendant-Appellant. | No. 16-10005<br>16-10328<br><br>D.C. No.<br>2:14-cr-00848-SPL-1<br>District of Arizona,<br>Phoenix<br><br>ORDER |

Before: SCHROEDER, SILER,* and GRABER, Circuit Judges.

The memorandum disposition filed on September 21, 2018, is amended by

the memorandum disposition filed concurrently with this order, as follows:

On page 4, lines 14–20, change "*Id.* (quoting . . . ." to:

*Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). Arthur's claim that the first-degree murder statute is not categorically a crime of violence is foreclosed by circuit precedent. *See United States v. Studhorse*, 883 F.3d 1198, 1205–06 (9th Cir. 2018) (holding that attempted first-degree murder is categorically a crime of violence). *See also United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017) (holding that aggravated assault is categorically a crime of violence because it requires as an element serious bodily injury, which necessarily requires violent physical force); *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) (same as to a threat of death or great bodily injury). Thus, the district court did

---

\* The Honorable Eugene E. Siler, Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

not err by determining that first-degree murder is a crime of violence for purposes of Arthur's conviction and the restitution he was ordered to pay.

With this amendment, Appellant's petition for panel rehearing is DENIED.

No further petitions for panel rehearing or rehearing en banc may be filed.

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ELIJAH LOREN ARTHUR, SR., aka Elijah Loren Arthur, Defendant-Appellant. | Nos. 16-10005 16-10328 D.C. No. 2:14-cr-00848-SPL-1 AMENDED MEMORANDUM* |

Appeals from the United States District Court
for the District of Arizona
Stephen P. Logan, District Judge, Presiding

Argued and Submitted August 16, 2018
San Francisco, California

Before: SCHROEDER, SILER,** and GRABER, Circuit Judges.

In these criminal appeals, Elijah Arthur challenges his conviction for first-degree murder and using a firearm during and in relation to a crime of violence and challenges his order of restitution. Arthur shot and killed a tribal police officer. The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

shooting was captured on camera, so the only material issue at trial was whether Arthur acted with premeditation.

1. The district court did not abuse its discretion by refusing to declare a mistrial or hold an evidentiary hearing regarding the presence in the courtroom of law enforcement agents who displayed official "STATE GANG FORCE" logos to the jury. *See United States v. Ubaldo*, 859 F.3d 690, 700 (9th Cir. 2017) (stating standard of review), *cert. denied*, 138 S. Ct. 704 (2018). The district court did not abuse its discretion by concluding that the officers' clothing did not "pose[] a serious and imminent threat to a fair trial." *Norris v. Risley*, 878 F.2d 1178, 1180–81 (9th Cir. 1989). Similarly, the district court did not abuse its discretion by weighing the factors in *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991), and concluding that an evidentiary hearing was not warranted.

2. The district court also did not abuse its discretion by admitting, over Arthur's objection under Federal Rule of Evidence 403, a recording of a prison telephone call that took place three months after the shooting. *See United States v. Hagege*, 437 F.3d 943, 956 (9th Cir. 2006) (stating standard of review). As we have explained, "[t]hat evidence may decimate an opponent's case is no ground for its exclusion under 403." *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003). "The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something *other* than its persuasive weight." *Id.*

3. The district court's finding that Arthur knowingly and intelligently waived his *Miranda* rights was not clearly erroneous. *See United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (stating standard of review). "For inculpatory statements made by a defendant during custodial interrogation to be admissible in evidence, the defendant's waiver of *Miranda* rights must be voluntary, knowing, and intelligent." *Id.* at 536 (italics added; internal quotation marks omitted). In all the circumstances, both of Arthur's *Miranda* waivers—first when questioned by a police officer and second when questioned by the FBI—were voluntary. *United States v. Rodriquez-Preciado*, 399 F.3d 1118, 1127–28 (9th Cir. 2005). Concerning the second waiver, although Arthur contends that the agents erred by not re-reading him his *Miranda* rights, "[a] rewarning is not required simply because there is a break in questioning." *Guam v. Dela Pena*, 72 F.3d 767, 769–70 (9th Cir. 1995).

Likewise, the district court's finding that Arthur's statements, made after his valid waivers, were voluntary, which we review de novo, *Rodriquez-Preciado*, 399 F.3d at 1127, was not erroneous. Here, we consider "whether a defendant's will was overborne by the circumstances surrounding the giving of a confession." *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (internal quotation marks omitted). Nothing in this record suggests that any tactics used by the officers or agents were coercive or overpowered Arthur's will in either interrogation. Thus, the district court did not err by denying Arthur's motion to suppress.

16-10005/10328

4. Arthur's claim about the duplicity of his indictment also fails. Although the indictment in this case included the extra word "possessed," that word is properly considered surplusage and was unnecessary for the government to prove. *Bargas v. Burns*, 179 F.3d 1207, 1216 n.6 (9th Cir. 1999). Additionally, as Arthur acknowledges, his claim is precluded by this court's precedent. *See United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006) ("conclud[ing] that § 924(c)(1)(A) defines only one offense").

5. To determine whether Arthur's conviction for first-degree murder is a "crime of violence," we employ the categorical approach. *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). Under that approach, we do not look to the particular facts underlying Arthur's conviction, but instead "compare the elements of the statute forming the basis of the defendant's conviction with the elements of a 'crime of violence.'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). Arthur's claim that the first-degree murder statute is not categorically a crime of violence is foreclosed by circuit precedent. *See United States v. Studhorse*, 883 F.3d 1198, 1205−06 (9th Cir. 2018) (holding that attempted first-degree murder is categorically a crime of violence). *See also United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017) (holding that aggravated assault is categorically a crime of violence because it requires as an element serious bodily injury, which necessarily requires violent physical force); *Arellano Hernandez v. Lynch*, 831 F.3d

1127, 1131 (9th Cir. 2016) (same as to a threat of death or great bodily injury). Thus, the district court did not err by determining that first-degree murder is a crime of violence for purposes of Arthur's conviction and the restitution he was ordered to pay.

6. The government concedes that we must vacate the restitution order and remand for recalculation on an open record. The parties agree that a remand is necessary so the district court may consider whether a consumption offset is necessary concerning the officer's projected lost income, *United States v. Serawop*, 505 F.3d 1112, 1127 (10th Cir. 2007), and whether the district court made an arithmetic error in computing the insurance proceeds that the officer's parents had received, *United States v. Sheng Kuo Fu*, 620 F.3d 1158, 1166 (9th Cir. 2010).

7. Finally, we deny Arthur's conditional motion to defer resolution of his appeal. We need not await a decision in *United States v. Begay*, No. 14-10080 (9th Cir.), because we are reviewing only for plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426–27 (9th Cir. 2011) (declining to exercise discretion to deviate from plain error review). The district court did not plainly err because first-degree murder is categorically a crime of violence under the "elements" clause of 18 U.S.C. § 924(c), not the "residual" clause.

The judgment of conviction is AFFIRMED. The order of restitution is VACATED, and the case is REMANDED for reconsideration of the restitution.

Arthur's Conditional Motion to Defer Resolution of Appeal (Docket Entry No. 62) is DENIED.

16-10005/10328