**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DEVAUGHN DORSEY,

*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

No. 22-35030

D.C. Nos.
2:14-cv-00938-
RSL
2:08-cr-00245-
RSL-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted July 12, 2023
Seattle, Washington

Filed August 11, 2023

Before: Susan P. Graber, Ronald M. Gould, and Michelle
T. Friedland, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel affirmed the district court's order denying Devaughn Dorsey's motion to amend his 28 U.S.C. § 2255 motion to vacate his convictions for witness tampering (18 U.S.C. § 1512(a)(1)-(2)) and discharging a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)), to add a claim that witness tampering is not a predicate crime of violence under § 924(c).

Under the elements clause of § 924(c), a crime of violence is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." To satisfy the elements clause, the predicate crime must require purposeful or knowing acts. Applying the categorical approach, the panel held that § 1512, as a whole, is not categorically a crime of violence because it criminalizes conduct that does not necessarily require physical force.

The panel then applied the modified categorical approach because § 1512 contains several, alternative elements of functionally separate crimes that carry different penalties, and the statute therefore is "divisible." The panel held that Dorsey was convicted under a divisible part of the witness-tampering statute that qualifies as a crime of violence under § 924(c)'s elements clause: either attempted killing in violation of § 1512(a)(1) or use of force in violation of 1512(a)(2). Distinguishing *United States v.*

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*Taylor*, 142 S. Ct. 2015 (2022) (attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause), the panel held that attempting to kill another person in violation of § 1512(a)(1) is a crime of violence under § 924(c) because it has the required element of force, and it satisfies § 924(c)'s mens rea requirement because it requires proving that the defendant intentionally used or attempted to use physical force against another. The panel also held that the use of physical force in violation of § 1512(a)(2) is a categorical match with § 924(c)'s elements clause because it requires proving that the defendant intentionally used physical force against another.

## COUNSEL

Matthew M. Robinson (argued), Robinson & Brandt PSC, Covington, Kentucky, for Petitioner-Appellant.

Michael S. Morgan (argued) and Teal L. Miller, Assistant United States Attorneys; Nicholas W. Brown, United States Attorney; United States Attorney's Office, Seattle, Washington; for Respondent-Appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Devaughn Dorsey timely appeals the district court's denial of leave to amend his motion to vacate his convictions under 28 U.S.C. § 2255. He argues that neither witness tampering by attempting to kill a witness, in violation of 18 U.S.C. § 1512(a)(1), nor witness tampering by use of force, in violation of 18 U.S.C. § 1512(a)(2), is a crime of violence as defined by 18 U.S.C. § 924(c)(3)(A). We disagree and, accordingly, affirm.

### FACTUAL AND PROCEDURAL HISTORY

In 2009, the government indicted Defendant on twenty-two counts in connection with a scheme to traffic in stolen motor vehicles. Defendant pleaded guilty to the first twenty counts, which included charges of conspiracy, trafficking in motor vehicles, and operating a chop shop. But Defendant pleaded not guilty to two charges: witness tampering, in violation of 18 U.S.C. § 1512(a)(1)–(2), and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Both charges rested on the allegation that Defendant shot a grand jury witness to prevent her from testifying.

In 2010, a jury convicted Defendant on both the witness tampering charge and the § 924(c) charge. The district court imposed a total sentence of 48 years, which included a 30-year sentence for witness tampering and a consecutive 18-

year sentence for the § 924(c) conviction.[1]  We affirmed his conviction on direct appeal, United States v. Dorsey, 677 F.3d 944 (9th Cir. 2012), cert. denied, 570 U.S. 919 (2013), and later affirmed the district court's denial of Defendant's motion for a new trial, United States v. Dorsey, 781 F. App'x 590 (9th Cir. 2019).

In 2014, Defendant timely filed a motion to vacate his convictions under 28 U.S.C. § 2255.  Over the following seven years, his counsel filed several motions to amend, and Defendant filed several pro se motions to amend.  In an omnibus order, the district court denied Defendant's original motion, denied several of Defendant's motions to amend, and struck the remainder of his motions to amend.

Relevant to this appeal, the district court denied leave to add a claim that witness tampering is not a crime of violence under § 924(c).  The court presumed that the claim was timely and that Defendant could overcome procedural default.  The court denied leave to amend solely on the ground that Defendant's claim could not succeed on the merits, holding that "committing witness tampering by attempting to kill a person is categorically a 'crime of violence' under § 924(c)(3)'s elements clause."

We granted Defendant's request for a certificate of appealability with respect to one issue:  "whether witness tampering is a qualifying crime of violence under 18 U.S.C. § 924(c)."

---

[1] The sentences that the court imposed on the other counts all ran concurrently with each other and with Defendant's sentence for the witness-tampering conviction.

## STANDARDS OF REVIEW

In general, we review for abuse of discretion the denial of a request to amend a § 2255 motion. United States v. Jackson, 21 F.4th 1205, 1216 (9th Cir. 2022). But when the denial of leave to amend rests on the ground of futility, as it does here, we review de novo whether "the amendment could present a viable claim on the merits for which relief could be granted." Murray v. Schriro, 745 F.3d 984, 1015 (9th Cir. 2014).

## DISCUSSION

Defendant challenges his conviction for violating 18 U.S.C. § 924(c)(1)(A)(iii), which criminalizes using or carrying—and discharging—a firearm "during and in relation to any crime of violence." The statute provides two different definitions of a "crime of violence." Under the elements clause, a crime of violence is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). The residual clause encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). Because the residual clause is unconstitutionally vague, United States v. Davis, 139 S. Ct. 2319, 2336 (2019), we must determine whether Defendant's witness-tampering conviction, under 18 U.S.C. § 1512, is a crime of violence under § 924(c)'s elements clause.

Instead of examining the facts underlying the conviction, the categorical approach requires us to consider "whether the elements of the statute of conviction meet the federal definition of a 'crime of violence.'" United States v. Buck,

23 F.4th 919, 924 (9th Cir. 2022) (citation omitted). "The question here is thus whether a conviction under [§ 1512] necessarily 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Id. (quoting 18 U.S.C. § 924(c)(3)(A)). "If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard." Borden v. United States, 141 S. Ct. 1817, 1822 (2021) (plurality opinion).

Section 1512, as a whole, is not categorically a crime of violence because it criminalizes conduct that does not necessarily require physical force. See, e.g., 18 U.S.C. § 1512(c) (criminalizing the corrupt alteration of a document with the intent to impair its integrity or availability in an official proceeding). But that conclusion does not end the inquiry: If the statute is "divisible," we employ the "modified categorical approach." Descamps v. United States, 570 U.S. 254, 261–63 (2013). "A statute is divisible when it 'list[s] elements in the alternative, and thereby define[s] multiple crimes.'" Buck, 23 F.4th at 924 (alterations in original) (quoting Mathis v. United States, 579 U.S. 500, 505 (2016)).

We agree with the parties that § 1512 is divisible because it contains several, alternative elements of functionally separate crimes that carry different penalties. See, e.g., 18 U.S.C. § 1512(a)(3)(B) (maximum sentence of 30 years' imprisonment for attempt to murder); id. § 1512(b) (maximum sentence of 20 years' imprisonment for use or attempted use of intimidation); id. § 1512(d) (maximum sentence of 3 years' imprisonment for intentionally harassing another person). Thus, under the modified categorical approach, we may determine the statutory basis

for the conviction by consulting the trial record, including the indictment and the jury instructions. Johnson v. United States, 559 U.S. 133, 144 (2010). If Defendant was convicted under a divisible part of the witness-tampering statute that qualifies as a crime of violence under the elements clause, then his § 924(c) conviction can stand. Buck, 23 F.4th at 924.

The government charged Defendant with violating 18 U.S.C. § 1512(a)(1)(A), (C) and 18 U.S.C. § 1512(a)(2)(A), (C). The jury instructions presented two different theories of guilt: the jury could find that Defendant attempted to kill the witness to prevent her from testifying before the grand jury or that Defendant knowingly used physical force against the witness to prevent her from testifying before the grand jury. The jury was instructed that it had to be unanimous as to which theory was proved, but the general verdict form does not specify the theory or theories on which the verdict rests.

Both charged crimes—attempted killing in violation of § 1512(a)(1) and use of force in violation of § 1512(a)(2)— are divisible from the remainder of the statute, including the other offenses contained within those subsections. Section 1512(a)(1) criminalizes witness tampering by "kill[ing] or attempt[ing] to kill another person," which are two discrete offenses that require proving different elements and carry different punishments. See 18 U.S.C. § 1512(a)(3)(A) (providing that witness tampering by killing is punished consistent with 18 U.S.C. §§ 1111 and 1112); id. § 1512(a)(3)(B) (maximum punishment of imprisonment for 30 years for witness tampering by attempted killing); cf. United States v. Linehan, 56 F.4th 693, 700 (9th Cir. 2022) (explaining that "in the context of [18 U.S.C.] § 844(d) an attempt to commit [an] offense is distinct from the

completed offense"), petition for cert. filed, No. 23-5076 (U.S. July 7, 2023).

Section 1512(a)(2) criminalizes witness tampering by "[w]hoever uses physical force or the threat of physical force against any person, or attempts to do so." Like § 1512(a)(1), that subsection includes multiple crimes with different elements and different punishments. "Whoever uses physical force . . . against any person, or attempts to do so," id. § 1512(a)(2), is subject to one penalty, see id. § 1512(a)(3)(B) (maximum punishment of imprisonment for 30 years for witness tampering by use of force, or attempted use of force), whereas "[w]hoever uses . . . the threat of physical force against any person, or attempts to do so," id. § 1512(a)(2), is subject to a different penalty, see id. § 1512(a)(3)(C) (maximum punishment of 20 years' imprisonment for witness tampering by threat of force).

Defendant argues that neither attempted killing in violation of § 1512(a)(1) nor use of physical force in violation of § 1512(a)(2) is categorically a crime of violence under § 924(c)(3)(A). To satisfy § 924(c)(3)'s elements clause, the predicate crime must "require purposeful or knowing acts" and "have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Buck, 23 F.4th at 927 (quoting § 924(c)(3)(A)).

The force requirement mandates "violent physical force—that is, force capable of causing physical pain or injury to another person." Id. (quotation marks omitted) (quoting United States v. Gutierrez, 876 F.3d 1254, 1256 (9th Cir. 2017) (per curiam)). That standard requires more than the "merest touch," Johnson, 559 U.S. at 143, but it "does not require any particular degree of likelihood or

probability that the force used will cause physical pain or injury; only potentiality," Stokeling v. United States, 139 S. Ct. 544, 554 (2019).

The mens rea requirement mandates purposeful or knowing conduct. Borden, 141 S. Ct. at 1828. In Borden, the Supreme Court held that the "use of physical force against the person of another" did not include offenses criminalizing reckless conduct because reckless conduct is not action directed at another individual. Id. at 1825. Thus, "predicate crimes that allow a conviction for merely reckless conduct do not fall within the elements clause." Buck, 23 F.4th at 927.

A.  Attempted Killing

We hold that attempting to kill another person in violation of § 1512(a)(1) is a crime of violence under § 924(c)(3)(A). We have held that attempted first-degree murder under Washington state law qualifies as a crime of violence under 18 U.S.C. § 16(a) because it "ha[s] as an element the intentional use, threatened use, or attempted use of physical force against a person." United States v. Studhorse, 883 F.3d 1198, 1206 (9th Cir. 2018). Although Defendant was convicted of attempted killing under a different law, the same reasoning applies here: "Even if [the defendant] took only a slight, nonviolent act with the intent to cause another's death, that act would pose a threat of violent force sufficient to satisfy" the definition of a crime of violence. Id. at 1206; see Linehan, 56 F.4th at 702 ("[T]he traditional meaning of 'attempt' . . . requir[es] an individual to engage in conduct that reflects a 'substantial step' toward the wrongful end.").

The Supreme Court's recent decision in United States v. Taylor, 142 S. Ct. 2015 (2022), does not undermine that

conclusion. In <u>Taylor</u>, the Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. 142 S. Ct. at 2020–21. Hobbs Act robbery is defined as the "unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force." 18 U.S.C. § 1951(b)(1). Because § 1951(b)(1) requires either "actual or threatened force," an attempt to commit Hobbs Act robbery can be proved by establishing only that the defendant attempted to threaten force and took a substantial step toward that end. <u>Taylor</u>, 142 S. Ct. at 2020. And <u>attempted threat</u> of force is not a categorical match to § 924(c)'s requirement of "proof that the defendant used, attempted to use, or threatened to use force." <u>Id.</u> at 2021.

Contrary to Defendant's assertions, <u>Taylor</u> does not hold that "attempt crimes are categorically not crimes of violence." Instead, the holding in <u>Taylor</u> rests on a mismatch between § 924(c) and the specific elements of Hobbs Act robbery. That mismatch does not exist with respect to § 1512(a)(1). To obtain a conviction for attempted killing under § 1512(a)(1), the government must establish that the defendant "attempt[ed] to kill another person." A mere attempted <u>threat</u> of force is not a valid ground for a § 1512(a)(1) conviction of attempted killing. And, in addition to reading <u>Taylor</u> too broadly, Defendant's argument is inconsistent with the text of § 924(c)(3)(A), which can be satisfied by a predicate crime that has the "attempted use" of force as an element. We join our sister circuits in concluding that <u>Taylor</u> does not require us to reconsider our precedent holding that attempted killing is a crime of violence. See <u>Alvarado-Linares v. United States</u>, 44 F.4th 1334, 1346–47 (11th Cir. 2022) (distinguishing <u>Taylor</u> because, "unlike Hobbs Act robbery, a criminal

cannot commit murder by threat," and holding that attempted murder is a crime of violence under the elements clause because it requires the attempted use of force); United States v. States, 72 F.4th 778, 787–88 (7th Cir. 2023) (holding that, after Taylor, attempted murder is a crime of violence under § 924(c)).

Attempted killing in violation of § 1512(a)(1) also satisfies the mens rea requirement in § 924(c). See Borden, 141 S. Ct. at 1828 (holding that nearly identical text in § 924(e) mandates a predicate conviction that relies on purposeful or knowing conduct). We have held that "Congress' use of the term 'attempts' in a criminal statute manifested a requirement of specific intent to commit the crime attempted, even when the statute did not contain an explicit intent requirement." United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc). And in Braxton v. United States, 500 U.S. 344 (1991), the Supreme Court held that convicting the defendant of an attempt to kill would require establishing that he fired shots "with the intent of killing" the potential victims. Id. at 350–51. "Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill." Id. at 351 n.* (citation and internal quotation marks omitted).

Defendant erroneously focuses on the fact that a killing may occur with a mens rea of recklessness. Although that general proposition may be correct, it misunderstands the relevant inquiry. Our specific task is to determine whether the predicate crime for the purposes of Defendant's § 924(c) conviction—attempted killing in violation of § 1512(a)(1)— requires intentional conduct. Regardless of the intent required to commit the underlying crime, a conviction for an "attempt to kill" under § 1512(a)(1) requires specific intent.

Accordingly, we hold that attempted killing in violation of § 1512(a)(1) is a categorical match with § 924(c)(3)'s elements clause because it requires proving that the defendant intentionally used or attempted to use physical force against another.

B.  Use of Physical Force

We also hold that the use of physical force in violation of § 1512(a)(2) is a crime of violence under § 924(c)(3)(A). Section 1512(a)(2) criminalizes witness tampering by "[w]hoever uses physical force . . . against any person, or attempts to do so, with intent to" "influence, delay, or prevent the testimony of any person in an official proceeding," id. § 1512(a)(2)(A); "cause or induce any person to" withhold testimony or evidence from an official proceeding, id. § 1512(a)(2)(B); or "hinder, delay, or prevent the communication to a law enforcement officer or judge" of information relating to the commission of a federal offense, id. § 1512(a)(2)(C).[2]

First, the offense necessarily has as an element "the use, attempted use, or threatened use of physical force." § 924(c)(3)(A).   Some conduct that would support a conviction under § 1512(a)(2) clearly would qualify as a crime of violence:  shooting a witness—or punching a witness in the face—indisputably involves "force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140.  Not every case will be so straightforward but, contrary to Defendant's assertions, even the least

---

[2] Section 1512(a)(2) also criminalizes the attempt to threaten to use force, which presents the same overbreadth issue that the Supreme Court identified in Taylor. See Taylor, 142 S. Ct. at 2020–21.  That observation does not change our analysis because that portion of the statute is divisible, and Defendant was charged only with the actual use of force.

culpable of the acts criminalized by § 1512(a)(2)'s use-of-force provision qualifies as a crime of violence.

Defendant highlights that, for the purpose of the witness tampering statute, physical force "means physical action against another, and includes confinement." 18 U.S.C. § 1515(a)(2). Confinement, he asserts, does not require physical force. Although the generic meaning of "confinement" may not always require physical force, "[u]nder the familiar interpretive canon *noscitur a sociis*, a word is known by the company it keeps." Dubin v. United States, 143 S. Ct. 1557, 1569 (2023) (quotation marks omitted) (quoting McDonnell v. United States, 579 U.S. 550, 568–69 (2016)). In this instance, "confinement" appears only in the context of "physical action against another." § 1515(a)(2). Given that surrounding context, "confinement" requires more than just deception. By defining confinement in that way, Congress required a <u>physical</u> restriction on movement that constitutes physical force under § 924(c)(3)(A).

Moreover, a party could not be convicted under § 1512(a)(2) for "mere[ly] touch[ing]" the witness. Johnson, 559 U.S. at 143. Considered in its context of the statute's definition of "physical *force*," the phrase "physical action against another" means physical action that could reasonably be characterized as "force." § 1515(a)(2) (emphasis added). And, in turn, we must interpret the term "physical force" in light of the statute's requirement that the force be used "with intent to" tamper with a witness. Id.; see Johnson, 559 U.S. at 139 ("Ultimately, context determines meaning."). Mere touching—like a tap on the shoulder—would not fall within this definition and accordingly cannot be the basis of a conviction under § 1512(a)(2).

Finally, we conclude that § 1512(a)(2) satisfies the mens rea requirement in § 924(c).  In Borden, the Supreme Court held that the phrase "use of physical force against the person of another" in § 924(e)(2)(B)(i) requires intentional conduct because using force "against" a person requires that the perpetrator direct the action in question, which excludes recklessness.  141 S. Ct. at 1826.  "[W]e normally presume that the same language in related statutes carries a consistent meaning."  Davis, 139 S. Ct. at 2329.  We see no reason to depart from that practice here.  Thus, we conclude that the phrases "against any person" in § 1512(a)(2) and "against another" in § 1515(a)(2) limit the reach of the statute to intentional conduct.

Accordingly, we hold that the use of force in violation of § 1512(a)(2) is a categorical match with § 924(c)(3)'s elements clause because it requires proving that the defendant intentionally used physical force against another.

**AFFIRMED.**