NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50107 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00427-VAP-8 |
| v. | |
| JASON JAMES VEAL, AKA J-Bone, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted July 13, 2023
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,[**] District Judge.

Appellant Jason Veal appeals his mandatory minimum sentence of ten years' imprisonment, imposed after the district court accepted his plea to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

841(a)(1) & (b)(1)(A)(viii). The only issue presented here is whether the district court correctly denied Veal's request for a departure below the statutory-minimum prison term pursuant to 18 U.S.C. § 3553(f)—commonly known as the "Safety Valve"—because his 1998 California conviction for attempted murder is no longer a prior "violent offense" after the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C § 3742. We affirm.

1.    We generally interpret statutes and the Sentencing Guidelines *de novo*. *United States v. Paulk*, 569 F.3d 1094, 1094-95 (9th Cir.), *as amended* (Aug. 6, 2009). The Government, however, urges us to apply plain-error review because Veal "forfeited" his claim by failing to raise it in the district court. There, Veal argued that he was Safety Valve eligible because even if attempted murder *is* a "violent offense," it is nonetheless a prior 3-point violent offense, not a prior 2-point violent offense as required by 18 U.S.C. § 3553(f)(1)(C).[1] Ans'g Br. 20-21.

"The ordinary rule in criminal cases … is that 'plain error' review applies to arguments raised for the first time on appeal." *United States v. Lillard*, 935 F.3d 827, 833 (9th Cir. 2019) (quoting *United States v. Yijun Zhou*, 838 F.3d 1007, 1010

---

[1] The District Court rejected Veal's points-based argument at sentencing citing our decision in *United States v. Lopez*, where we explained that a 3-point violent offense "simultaneously" serves as a 2-point violent offense. 998 F.3d 431, 440 & n.10 (9th Cir. 2021). Veal abandons that argument on appeal.

(9th Cir. 2016)). Veal's *Taylor*-based challenge to the District Court's Safety Valve determination is a new argument raised for the first time on appeal, based on Supreme Court precedent that did not exist at the time of his sentencing. However, because whether attempted murder is a crime of violence under 18 U.S.C. § 16(a) is a purely legal question, *see United State v. Studhorse*, 883 F.3d 1198, 1203 n.3 (9th Cir. 2018), and the Government "will suffer no prejudice as a result of the failure to raise the issue in the trial court," we review de novo. *Lillard*, 935 F.3d at 833 (quoting *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009)).

2. Veal is not eligible for Safety Valve relief. For Safety Valve purposes, "the term 'violent offense' means a crime of violence, as defined in section 16, that is punishable by imprisonment." 18 U.S.C. § 3553(g). Veal does not contest that his California attempted murder conviction satisfies § 3533(g)'s "imprisonment" prong. The only question is whether California's definition of attempted murder is a "categorical match" with 18 U.S.C. § 16(a)—the "elements clause"—which provides the "generic" federal definition of "crime of violence." *See Studhorse*, 883 F.3d at 1203.

As Veal conceded at sentencing, we held in *Studhorse* that attempted first-degree murder under Washington state law is a "crime of violence" under § 16(a) because it "ha[s] as an element the intentional use, threatened use, or attempted use

3

of physical force against a person." *Id.* at 1206. We recently held that *Studhorse* remains good law following *Taylor*. *See Dorsey v. United States*, No. 22-35030, 2023 WL 5159582, at *4 (9th Cir. Aug. 11, 2023) ("We join our sister circuits in concluding that *Taylor* does not require us to reconsider our precedent holding that attempted killing is a crime of violence."). In doing so, we re-affirmed *Studhorse's* central tenet that attempted first-degree murder under Washington law is categorically a crime of violence because "'[e]ven if [the defendant] took only a slight, nonviolent act with the intent to cause another's death, that act would pose a threat of violent force sufficient to satisfy' the definition of a crime of violence." *Id.*, at *4 (second alteration in original) (quoting *Studhorse*, 883 F.3d at 1206)).[2] Further, we held that *Studhorse's* categorical approach framework applies to all attempted murder convictions, even if the defendant "was convicted of attempted killing under a different law." *Id.*

*Studhorse* and *Dorsey* dictate the outcome here. Veal concedes on appeal that the elements of attempted murder under California law are indistinguishable from the elements of attempted first-degree murder under Washington law: each requires the defendant's specific intent to kill plus a substantial step toward

---

[2] Our holding in *Dorsey* is consistent with recent decisions of the Seventh and Eleventh Circuits, each affirming that attempted murder remains a "crime of violence" post-*Taylor*. *See United States v. States*, 72 F.4th 778, 790-91 (7th Cir. 2023); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1347 (11th Cir. 2022).

achieving that objective. Reply Br. 2. *See People v. Decker ex rel. Superior Ct.*, 157 P.3d 1017, 1021 (Cal. 2007) ("Attempted murder [under California law] requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing."). Because our recently re-affirmed decision in *Studhorse* held that these elements establish a "categorical match" with § 16(a)'s definition of a "crime of violence," 883 F.3d at 1203-06, Veal's *Taylor*-based appeal is squarely foreclosed.

In sum, our precedent establishes that a California conviction for attempted murder is a "crime of violence" under § 16(a) and, by extension, a "violent offense" under the Safety Valve, 18 U.S.C. § 3553(g). Veal's 1998 California attempted murder conviction is therefore "simultaneously" a prior 3-point violent offense *and* a prior 2-point violent offense. *See United States v. Lopez*, 998 F.3d 431, 440 (9th Cir. 2021). Having also accumulated more than four criminal history points, Veal is not eligible for Safety Valve relief, and the District Court lacked authority to deviate below the ten-year mandatory minimum prison sentence.

**AFFIRMED.**